**Stanley Kumorowski, Appellee, v. Armour & Company, Appellant.**

**Gen. No. 20,911.** ' **(Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed March 15, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Stanley Kumorowski, plaintiff, against Armour & Company, defendant, for $7,500 as damages on account of plaintiff's fall from defendant's freight elevator. From a judgment in favor of plaintiff, defendant appeals.

The accident upon which the suit is based occurred on May 15, 1911, while plaintiff was trucking a load of empty boxes in the canning department of defendant's packing house. Plaintiff, a Lithuanian, had been in this country a year at the time. Previous to the accident, for about six or seven months, plaintiff had been trucking heavy boxes. He testified that he had never previous to the accident, trucked empty boxes. Except during a period of several months, empty boxes had been trucked by boys. Different witnesses testified conflictingly as to whether or not he had trucked empty, boxes and as to the amount thereof.

At the time of the accident plaintiff was twenty years old, weighed from 175 to 176 pounds, and was five feet, seven inches in height. On the day of the accident, while he was trucking full boxes, he was ordered to put down his truck and take one of the trucks used for empty boxes. Trucks used for full boxes were ordinary hand trucks, with handles, two wheels in front, and a back at the end, over the wheels, from two to two and one-half feet high. The trucks used for empty boxes were similar except that their backs were between four and four and one-half feet high and their floors were thirteen inches above the ground, making the top of the back of the trucks from five feet, one inch, to five feet, seven inches high.

A foreman named Sullivan piled the boxes on his truck until they were, according to plaintiff's testimony, as high as the top of the fingers of his hand when his arm was stretched up full height. Sullivan then told him to take it from one room to the other, according to plaintiff's evidence, but all this was denied by Sullivan. Plaintiff also testified that boxes were piled to within five inches of the end of the handles. The elevator upon which plaintiff wheeled the truck was five feet, eight inches wide, seven feet, five inches long and open at both ends. Consequently, when a truck was placed in the exact center of the elevator, there would be a margin of substantially one foot between either end and the edge of the elevator. There was a clearance between the elevator and the floor of three-quarters of an inch.

The elevator was operated by a man on the fifth floor at the top of the shaft. Plaintiff testified that he rang for the elevator, and as soon as it reached the second floor, wheeled his truck aboard and the elevator "went up right away." Plaintiff testified that he gave no signal for the elevator to go up, whereas the operator testified to the contrary. By a slant outward of the back of the truck used on this occasion, the clearance

was reduced. Such slant was testified by plaintiff's witnesses to exceed four or five inches but not to be so much according to defendant's witnesses.

As it passed from the second to the third floor the top of the load struck a beam or joist, flush with and supporting the third floor. Had the load not projected more than three-quarters of an inch beyond the edge of the platform, it would have passed in safety. The boxes were knocked off against plaintiff, causing him to fall from the elevator to the bottom of the shaft, a distance of about twenty-five feet.

Plaintiff's declaration consisted of four original and five additional counts. The court instructed the jury to find for defendant on all except the first original and second additional counts. The first original count after setting out matters of inducement that defendant was a laborer engaged in transporting boxes from designated places and on an elevator by means of a hand truck, etc., charged defendant's duty to furnish plaintiff with a reasonably safe place in which to work, a disregard of that duty, an order and command for plaintiff to put an unusually large number of boxes on the truck and compliance with such order; that he was unable to see over the top of them, was ordered to convey the truck by means of said elevator to an upper floor, in obedience to which he so conveyed the truck; that by reason of the height of the boxes he was unable to observe accurately the position of the truck, and thereby the place where he was required to stand, while being moved upwards, became unsafe which was well known to the defendant but not to the plaintiff.

A. R. Urion and A. F. Reichmann, for appellant.

John W. Sutton, for appellee.

Mr. Justice Goodwin delivered the opinion of the court.

Kumorowski v. Armour & Co., 198 Ill. App. 306.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 687*—*when evidence sufficient to sustain finding that master negligent in failing to guard elevator platform.* In an action for personal injuries where the first count in a declaration charged negligence in the failure to construct walls or other protection around an elevator in the canning department of defendant's ·packing house, and there was proof that such elevator was open at both ends and used by foreigners, acting as common laborers in elevating trucks, which, when placed on the platform of such elevator left very narrow margin thereon, and it appeared that the truck of plaintiff at the time of the accident was loaded with piles of boxes so high that the trucker could not see over the top, and the boxes, which projected slightly over the platform, struck a joist supporting an upper floor, fell off, and knocked plaintiff off the elevator, evidence held sufficient to sustain a .finding that the failure to inclose the platform of the elevator constituted negligence.

2. MASTER AND SERVANT, § 156*—*what constitutes negligence in failing to guard platform of elevator.* What is usually done is not the standard for determining the question of negligence or ordinary care with reference to the failure of an employer to protect the platform of an elevator used by its servants with an inclosure.

3. APPEAL AND ERROR, § 1520*—*when refusal to give peremptory instructions in reference to some of counts in declaration, not reversible error.* If there is evidence sufficient to sustain the action laid in any one of three counts in a declaration, the refusal to give peremptory instructions with reference to the other two, even if erroneous, is not reversible error.

4. MASTER AND SERVANT, § 562*—*when proof of single count sufficient.* In an action for personal injuries sustained by a trucker while engaged in taking a truck of boxes to an upper floor of a building in an unguarded elevator operated by another servant, as a result of projecting boxes striking against a beam in the elevator shaft as the car ascended, falling off, and knocking plaintiff to the bottom of the shaft, it is immaterial that the court failed to give a formal instruction to find the defendant not guilty on a certain count, on the ground that there was no evidence to show that the elevator operator was negligent as alleged in such count, where there is evidence to sustain other counts in the declaration.

5. APPEAL AND ERROR, § 1628*—*when error in refusing to direct verdict as to particular count cured.* In an action by a servant for personal injuries sustained while in performance of his duties in taking a truck of boxes to an upper floor of a building in

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

an unguarded elevator operated by another servant, as a result of projecting boxes catching against a beam in the shaft, as the car ascended, falling off and knocking the plaintiff to the bottom of the shaft, it is immaterial that the court failed to give a peremptory instruction to find defendant not guilty on a particular count, alleging that the injury was due to the negligence of the operator of the elevator because they were fellow-servants, where the court specifically instructed the jury that the plaintiff and elevator operator were fellow-servants, and that no recovery could be had on account of the negligence, if any, of the latter.

6. Master and servant, § 773*—*when question whether elevator unsafe place to work, for jury.* In an action by a servant for personal injuries sustained while in performance of his duties in taking a truck of boxes to an upper floor of a building in an unguarded elevator operated by another servant, as a result of projecting boxes catching against a beam in the shaft, falling off, and knocking plaintiff to the bottom of the shaft, *held* that there was ample evidence to justify the court in submitting the issue raised by the first additional count of plaintiff's declaration to the jury, such count having reference to facts which rendered unsafe the place where plaintiff worked and defendant's knowledge thereof, and the question whether such facts together with all the other facts in evidence rendered the place unsafe, and defendant's knowledge thereof, were properly submitted to the jury.

7. Master and servant, § 312*—*when servant assumes risks of employment.* The servant assumes not only the ordinary risks incident to his employment, but also all dangers which are obvious and apparent, and if he voluntarily enters into or continues in the service, knowing, or having the means of knowing, its dangers, he is deemed to have assumed the risks and to have waived all claims against the master for damages in case of personal injury.

8. Master and servant, § 739*—*when question of assumption of risk for jury.* The question whether the servant has assumed the danger which he encounters ordinarily is one of fact, but the question will become one of law when but one conclusion can be drawn from the evidence by all reasonable minds.

9. Master and servant, § 751*—*when question of contributory negligence of servant for jury.* While the question whether a servant has been guilty of contributory negligence is ordinarily one of fact, it will become one of law when but one conclusion can be drawn from the evidence by all reasonable minds.

10. Master and servant, § 698*—*when evidence insufficient to establish assumption of risk attendant on use of defective elevator.* In an action for damages for personal injuries sustained by a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

trucker while engaged in taking a truck of empty boxes to an upper floor of a building in an unguarded elevator operated by another servant, as a result of projecting boxes striking against a beam in the elevator shaft as the car ascended, falling off, and knocking plaintiff to the bottom of the shaft, *held* that the manifest weight of the evidence does not show that the hazard causing his accident was or should have been known to the plaintiff in view of circumstances that he was a common laborer at the bottom of the industrial scale, and that his regular work was that of trucking full boxes which were only piled two or two and one-half feet high upon his truck, while there was evidence that plaintiff at the time of the accident trucked a load so high that he could not see over the top of it, and there was a conflict in the evidence as to whether plaintiff had ever trucked a load of empty boxes previously.

11. MASTER AND SERVANT, § 699*—*when evidence insufficient to establish contributory negligence of servant using elevator.* In an action for damages for personal injuries sustained by a trucker while engaged in taking a truck of empty boxes to an upper floor of a building in an unguarded elevator operated by another servant, as a result of projecting boxes striking against a beam in the elevator shaft as the car ascended, falling off, and knocking plaintiff to the bottom of the shaft, evidence *held* insufficient to establish that plaintiff did not exercise all the care which his circumstances at and before the accident allowed.

12. APPEAL AND ERROR, § 1410*—*when verdict not disturbed as against weight of evidence.* Where questions of fact are passed upon by a jury properly and fully instructed as to the law, and a motion for a new trial is considered and refused by the trial court, the verdict will not be disturbed as against the weight of evidence on appeal, unless it is clearly so on some essential issue involved.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.