**Charles Doerr, by Charles Doerr, his next friend, Appellee, v. City of Freeport, Appellant.**

### Gen. No. 7,501.

1. MUNICIPAL CORPORATIONS—*inapplicability of statute requiring notice before suit for personal injury where plaintiff a minor.* A boy twelve years old, injured by reason of a defect in a city street, is not required either to allege or prove, as a prerequisite to a recovery of damages from the city, a compliance with Cahill's St. ch. 70, ¶ 7, respecting filing notice of accident, his minority and incapacity rendering the statute inapplicable.

2. HIGHWAYS—*notice to city of defect in street as question for jury in action for personal injury.* Evidence in an action against a city for injuries to a boy by an automobile caused to skid against him by running into a depression in the street held to make the question as to actual or constructive notice to the city of the defect one of fact for the jury.

3. HIGHWAYS—*proximate cause of injury by automobile skidding after running into depression in street as question for jury.* In an action against a city for injury to a boy by an automobile caused to skid against him by running into a depression in the street, the question whether the defect in the street was the proximate cause of the injury was one of fact for the jury.

4. HIGHWAYS—*admissibility of evidence as to intoxication of driver in action against city for injury by automobile skidding after running into depression in street.* In an action against a city for injury to a boy by an automobile caused to skid against him by running into a depression in the street, testimony tending to show that the driver of the car was intoxicated at the time of the accident was immaterial and properly excluded on objection.

5. HIGHWAYS—*propriety of refusing instruction as to notice to city in action by minor for injury by defect in street.* Cahill's St. ch. 70, ¶ 7, requiring the giving of notice to a city prior to bringing suit against it for personal injuries, being inapplicable where the injured person was a boy twelve years old, it was not error, in an action by such a plaintiff, to refuse to give an instruction in the language of the statute.

6. HIGHWAYS—*propriety of refusing instruction as to effect of notice to police officer of defect in street, in action against city for injury thereby.* Where a city ordinance made it the duty of police officers to report to the mayor defects in the city streets, it was not error, in an action against the city for injuries due to such a defect to refuse to charge that notice to or knowledge of such defect by a police officer was not notice to the city.

7. HIGHWAYS—*propriety of refusing instruction as to prima facie evidence of negligence of driver, in action against city for injury by defect in street.* In an action for injury to a boy by an automobile caused to skid against him by running into a depression in the street, it was not error to refuse a requested instruction in the language of Cahill's St. ch. 95a, ¶ 23, touching the prima facie negligence of one driving at excessive speed, as such instruction would not have enlightened the jury on the issues involved.

Appeal by defendant from the Circuit Court of Stephenson county; the Hon. WILLIAM J. EMERSON, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed March 3, 1926.

ALBERT H. MANUS and ROBERT B. MITCHELL, for appellant.

HARRY B. NORTH and OSCAR R. ZIPF, for appellee.

MR. JUSTICE JETT delivered the opinion of the court. On April 9, 1922, between five and six o'clock in the afternoon, appellee, a boy twelve years of age, was seated on the west curb of South Oak avenue, a public street in the City of Freeport, lacing a football when

the left rear wheel of an automobile going in a northerly direction struck a depression in the pavement near the center of the street not far from where he was sitting and as a result thereof the car skidded and his left leg was crushed between the automobile and the curb, necessitating its amputation a few inches below the knee. On December 13, 1922, this action was begun by appellee against the Freeport Gas Company, the Freeport Water Company and the City of Freeport for the recovery of damages for the injuries he had sustained.

Plaintiff dismissed his suit as to the Freeport Gas Company and recovered a verdict for $11,000 against the two remaining defendants. This verdict was set aside and a new trial awarded. Thereafter the suit was dismissed as to the Freeport Water Company and upon a second trial appellee recovered a verdict for $8,000, and after motions for a new trial and in arrest of judgment had been overruled judgment was rendered upon the verdict and appellant brings the record here for review.

It is first contended by appellant that neither the original declaration, the amended declaration nor the additional counts stated a cause of action against it, inasmuch as it was not alleged that the statutory notice had been served upon the city prior to the institution of the suit. The statute requires any person who is about to bring a suit against a city for damages on account of any personal injury to file in the office of the city attorney and also in the office of the city clerk, within six months from the date of the injury, either by himself, agent or attorney, a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where such accident occurred and the name and address of the attending physician, if any. Ca-

hill's Stat. 1921, ch. 70, ¶ 7. This statute was construed in *Langguth v. Village of Glencoe*, 253 Ill. 505, and it was there held that the filing of this notice was an essential element of the plaintiff's cause of action which must be averred and proved before a recovery could be had, but in the case of *McDonald v. City of Spring Valley*, 285 Ill. 52, in holding that this statute did not apply to an infant seven years of age, the court said:

"At common law an infant within seven years of age could not be convicted on a criminal charge, as he was conclusively presumed not to be capable of committing a crime, and between the ages of seven and fourteen he was still presumed to be incapable, but between those ages this presumption might be overcome by proof. These rules of law are based upon the well-known fact of the incapacity of children of tender years, and they are not held to the same accountability as are adults. The recognition, by the law, of the status of infants, and of their exemption up to a certain age from liability under the law, is so well known that it must be presumed that the legislature, in enacting such a statute as the one under consideration, did not intend by the general language used to include within its provisions a class of persons which the law has universally recognized to be utterly devoid of responsibility. * * * The act is meant to apply only to those who are mentally and physically capable of comprehending and complying with its terms. We are aware, as appellee has pointed out, that in a number of other jurisdictions a strict construction has been given to similar statutes, and that it has been held in those jurisdictions that it is a matter for the legislature to determine whether there should be any exceptions to such legislation; but in the State of New York, where there is a similar statute, The New York Court of Appeals held that where an infant five years of age was injured by the alleged negligence of a village, its right of action

was not barred because it did not file the notice required within the time prescribed by the statute, under the rule that the law does not seek to compel one to do that which he cannot possibly perform, and that the failure of a father or mother to file the notice is not chargeable to the infant. (*Murphy v. Village of Ft. Edward*, 213 N. Y. 397.) In the State of Washington a similar statute has been construed not to include cases where the person injured was rendered physically and mentally incapable of complying with the statute in the time required, by reason of the extent of his injuries. (*Born v. City of Spokane*, 27 Wash. 719; *Ehrhardt v. City of Seattle*, 33 Wash. 664.) Common experience tells us that the cases in which the exception to this statute would be applied are very few, and that in a great majority of cases there is not such disability as would make compliance with the statute impossible. It would be unreasonable to so construe this statute as to make it appear that the legislature intended in these few cases to require that to be done which is utterly impossible of performance. It cannot be controverted that a minor is incapable of appointing an agent, or an attorney, and it cannot be successfully contended that the statute can be complied with by the filing of the required notice by the father, mother or some friend of the child as next friend. While the parent of a minor is its natural guardian he cannot be said to be the agent or attorney for the child. A child with a meritorious cause of action but incapable of initiating any proceeding for its enforcement will not be left to the whim or mercy of some self-constituted next friend to enforce its rights.''

The declaration in the instant case was filed on January 11, 1923, and it fully described plaintiff's injuries and alleged that he was a minor, twelve years of age. Under the reasoning of the *McDonald* case, *supra*, we are of the opinion that appellee was relieved from alleging in his declaration or proving upon the trial a

compliance with the statutory provisions with reference to notice. Furthermore, in the amended declaration filed June 30, 1923, the minority and incapacity of the plaintiff were amplified and expanded, it being averred that by reason of his youth and inexperience and his physical and mental condition resulting from his injuries he was unable to comprehend his rights for a period of six months after his injury and therefore gave no notice to appellant.

It is next insisted that the evidence does not disclose that the city had either actual or constructive notice of the defect in its street and therefore no recovery can be had against it. Direct notice was proved by the witness Van Gorder, a motorcycle officer, who observed the depression about eleven o'clock in the forenoon of the day of the accident and whose duty it was, under a city ordinance, to report it to the mayor of the city. Ten other witnesses testified that they had observed this depression for varying periods of time before the accident. One of these was a letter carrier who traversed the street every morning and every afternoon, another was a physician, two were truck drivers and all were familiar with the street having frequent occasion to travel it. Most of these witnesses testified that they had observed this depression a week or two before the accident but one fixed the time when he had first observed it as at least four weeks prior to the day appellee was injured while the shortest time was fixed by one witness as the preceding Friday. It is true appellant produced other witnesses who testified that they had not observed this depression but this evidence was negative in character. Whether the city had either actual or constructive notice of the defective condition of its street was a question of fact for the jury to determine.

It is next contended that the trial court erred in sustaining objections to the offer of appellant to prove that the driver of the car was intoxicated at the hos-

pital a short time after the accident. The condition of the driver of the car at this time was immaterial and the court properly sustained the objection to this offered testimony. Appellant produced one of the occupants of the car as a witness but he was not interrogated along this line. In this connection it is also insisted that the negligence of the driver of the car and not the depression in the street was the proximate cause of the injury. This was a question of fact for the determination of the jury and by the tenth and fourteenth instructions given on behalf of appellant the jury were told that before the plaintiff could recover he must prove by the greater weight of the evidence that appellant was guilty of negligence as charged in the declaration and that its negligence was the cause of or contributed to the injury of appellee. Appellee's sixth given instruction and appellant's eighth given instruction defined proximate cause and told the jury that there could be no recovery by appellee unless it appeared from the evidence that the negligence of the city was the proximate cause of appellee's injury.

Thirty-three instructions were tendered by appellant and seventeen were given as requested. No criticism is made of any of the instructions given on behalf of appellee but it is insisted that the trial court erred in declining to give four of the sixteen refused instructions. All that was proper in the third refused instruction was covered by appellant's fourteenth given instruction. The fourth, fifth and thirteenth refused instructions were all properly refused. The fourth was substantially in the language of paragraph 7 of chapter 70 of the Revised Statutes, requiring notice to be given to a city, and we have held this section was not applicable to this action. The fifth refused instruction undertook to tell the jury that notice to or knowledge of a police officer of a city of a defect in the streets is not sufficient to charge the city with notice of such defect. In view of the provisions of the

ordinance making it the duty of such officer to report such defect to the mayor and taking into consideration the other evidence in this record, this instruction was properly refused. The thirteenth refused instruction told the jury in the language of the Motor Vehicle Act [Cahill's St. ch. 95a, ¶ 23] that driving a car through the residence portion of an incorporated city at a rate of speed exceeding fifteen miles per hour is prima facie evidence that such person is driving at a speed greater than is reasonable and that such person while so driving is not in the exercise of reasonable care for his own safety or for the safety of others. It was proper to show the rate of speed at which the car was being driven but this instruction would not have enlightened the jury in determining the issues here involved. What appellee was required to prove, the degree or quantum of proof required, whether appellant was negligent and whether its negligence was the proximate cause of appellee's injury, were all covered by the given instructions. A few instructions would have fully covered all the law applicable to the facts in this case and counsel should not have overburdened the trial court by tendering such an unreasonable number of instructions as were offered. *People v. Boston,* 309 Ill. 77.

The questions of fact in this cause have been passed upon by two juries and both have found appellant guilty of the negligence charged against it.

We understand the rule to be that where two juries have found the issues the same way, on conflicting evidence, the trial or Appellate Court should be slow to set aside the verdict of the jury. *Romano v. Rockford City Traction Co.,* 230 Ill. App. 402-411, 412; *Meier v. Cleveland, C., C. & St. L. Ry. Co.,* 206 Ill. App. 286. Where the evidence is conflicting and two juries have found in favor of plaintiff's contention, the verdict will not be disturbed on appeal on the ground that it is con-

trary to the manifest weight of the evidence. *Merrill v. Merrill,* 215 Ill. App. 602-604.

Where the evidence was conflicting and two juries have heard it and found the facts the same way, and there is evidence tending to sustain the findings, the judgment will not be reversed on the facts. *Bates v. Danville St. Ry. & Light Co.,* 190 Ill. App. 486.

The jury and trial judge are in the best position to consider and pass upon the question of the credibility of the testimony, and the findings of the jury, approved by the trial judge, should not be disturbed on appeal unless they appear to be manifestly against the weight of the evidence. *Freeman v. Chicago & J. Elec. Ry. Co.,* 208 Ill. App. 350.

Where questions of fact are passed upon by a jury, properly and fully instructed as to the law, and a motion for a new trial is considered and refused by the trial court, the verdict will not be disturbed as against the weight of the evidence on appeal, unless it is clearly so on some essential issue involved. *Kumorowski v. Armour & Co.,* 198 Ill. App. 306-311.

Applying the rules as herein announced and as has been frequently held, we are not prepared to say that the verdict of the jury is manifestly against the weight of the testimony. When all the facts and circumstances are considered, we are of the opinion the finding of the jury cannot be said to be against the manifest weight of the evidence. On the contrary, taking the testimony as a whole, it sustains the findings. No prejudicial error appearing in this record, the judgment of the circuit court of Stephenson county will be affirmed.

*Judgment affirmed.*