# IN THE MATTER OF THE ESTATE OF WM. W. HILL, DECEASED.

ESTATE OF DECEDENT—UNAUTHORIZED APPROPRIATION BY ADMINISTRATOR—CLAIM AGAINST ESTATE.—An unauthorized appropriation by an administrator of the funds of the estate cannot be made the basis of a claim by him against the estate.

ID.—SURETIES—JUDGMENT AGAINST—PAYMENT—RECOURSE AGAINST PRINCIPAL.—Sureties who have been compelled to pay a debt of their principal have a legal demand for reimbursement, which they may enforce against the principal by personal action if he be alive, or against his estate if he be dead. But in either case reimbursement can only be had for what has been expended.

ID.—SURETIES MUST PAY BEFORE PROCEEDING AGAINST PRINCIPAL.—After the death of the principal, a judgment obtained against the sureties cannot be enforced by them as a claim against his estate until they have paid it.

ID.—ADMINISTRATOR CANNOT ACT UPON INDIVIDUAL CLAIM.—An administrator who is personally interested in a claim against the estate is disqualified from acting upon it.

ID.—MINOR HEIRS—CONSENT OF ATTORNEY TO PAYMENT OF CLAIM—ESTOPPEL.—The consent of an attorney appointed by the court to represent minor heirs, to a sale of real property for the purpose of paying a claim against the estate, does not estop such heirs from afterwards questioning the correctness of the claim upon an accounting by the administrator.

APPEAL from a judgment of the Superior Court of Fresno County settling the final account of an administrator, and from an order refusing a new trial.

On an application for the sale of real property for the purpose of paying the claim in question the attorneys appointed by the court to represent the minor heirs consented to the sale. The further facts are stated in the opinion of the court.

*H. S. Dixon,* and *D. S. Terry,* for Appellants.

*Sayle & Harris,* and *Bennett & Wigginton,* for Respondent.

McKEE, J.—This is an appeal by the heirs-at-law and distributees of the estate of W. W. Hill, deceased, from a judgment

settling and allowing the final account of the administrator of the estate, and from an order denying a new trial.

The principal question for adjudication arises out of a claim against the estate for $40,627. The claim was presented to the administrator on the 9th of May, 1877, for allowance or rejection, and was allowed by the administrator and approved by the probate judge on the same day. In the course of administration payments were made upon it from time to time, which the Superior Court sitting as a court of probate, approved and credited the administrator with in the settlement of his final account. This approval and settlement it is contended was erroneous because the claim was one in which the administrator was personally interested, which was not chargeable against the estate, and its allowance and the payments thereon were fraudulent and void.

The basis of the claim is an official bond given by W. W. Hill in his lifetime as treasurer of Fresno County. While in office, Hill died intestate on the 3d of February, 1874. After his death the county having discovered that he was at the time of his death short in his accounts to the extent of $56,000, commenced an action against the sureties upon his official bond to recover the amount of his defalcation. The action was commenced on the 30th of July, 1874, and on the 6th of December, 1875, judgment was entered therein against the sureties upon the bond, for the amounts of their respective obligations for which each was adjudged liable as follows, namely: Against A. H. Burrough, for $1,000 and costs; F. B. Duff, $1,000 and costs; Frank Dusy, $500 and costs; William Faymonville, $1,500 and costs; J. C. Hoxie, $2,000 and costs; William Ingram, $2,000 and costs; E. Jacob, $2,000 and costs; Joseph Kincaid, $500 and costs; Alexander Kennedy, $2,000 and costs; J. P. Lane, $1,000 and costs; W. S. Powell, $2,500 and costs; Jonathan Rea, $5,000 and costs; T. W. Simpson, $2,000 and costs; J. G. Simpson, $1,000 and costs; John Sutherland, $20,000 and costs; A. H. Statham, $5,000 and costs, and Justin Esrey, $5,000 and costs. On appeal the judgment was affirmed by the Supreme Court, and the remittitur was filed in the District Court on the 9th of April, 1877.

A. H. Statham, one of the sureties upon the bond, against whom judgment was rendered for $5,000 and costs, was the duly

qualified administrator of the estate. Notice to creditors of the estate to present their claims within ten months as required by law had been duly given by publication of notice commencing on the 11th of March, 1874, and ending on the 8th of April, 1874. No claim upon the bond against the estate was ever presented by the county. To the action commenced against the sureties on the bond the estate was not made a party. The action was commenced and prosecuted to judgment against the sureties only; and after the judgment was affirmed by the Supreme Court, three of the sureties on the bond, namely, Sutherland, Esrey, and Morrow, claiming to act for themselves, and as "trustees and attorneys in fact," for the other sureties, including Statham, who was also administrator of the estate, made out and presented to the administrator a claim in substance as follows:—

"Estate of W. W. Hill, deceased, Dr. to Justin Esrey, T. W. Simpson, J. C. Hoxie, Alexander Kennedy, F. B. Duff, Jonathan Rea, J. P. Lane, Frank Dusy, W. S. Powell, Wm. Ingram, J. G. Simpson, Wm. Faymonville, John Sutherland, Elias Jacob, M. J. Church, A. H. Statham, Henry Burrough, Joseph Kincaid, and Jesse Morrow, $40,627.27, for the amount of a judgment recovered on the 6th of December, 1875, by the county of Fresno against them as sureties upon the official bond of W. W. Hill, late treasurer of said county for defalcation in office, and affirmed on appeal to the Supreme Court the 27th day of January, 1877," the remittitur from said court being filed in the court in which the judgment was rendered on the 9th of April, 1877, " which judgment said claimants are compelled to pay on account of the defalcation of said W. W. Hill, deceased, their principal in said bond." The claim was supported by the following affidavit:—

"STATE OF CALIFORNIA, } 
. COUNTY OF FRESNO. }

Jesse Morrow, Justin Esery, and John Sutherland, Sr., for themselves and as the attorneys in fact for T. W. Simpson, J. C. Hoxie, Alex. Kennedy, F. B. C. Duff, Jonathan Rea, J. P. Lane, Frank Dusy, W. S. Powell, William Ingram, J. G. Simpson, William Faymonville, Elias Jacob, M. J. Church, A. H. Statham, Henry Burrough, Joseph Kincaid, whose foregoing claim is herewith presented to A. H. Statham, the admin-

istrator of the estate of said deceased, being duly sworn says each for himself, and not one for the other, that the amount thereof to wit, the sum of $40,627.27 in gold coin is justly due to said claimants. That no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of said Justin Esery, Jesse Morrow, and Jonathan Sutherland.

[Signed]                              JESSE MORROW,
                                      JOHN SUTHERLAND, SR.,
                                      ◦JUSTIN ESERY.

Subscribed to and sworn before me this 9th day of May, A. D., 1877.

[Signed]                              C. G. SAYLE,
[NOTARIAL SEAL.]                      Notary Public."

Thus supported the claim was presented and indorsed as follows:—

"No. 81—Probate Court, Fresno County.—In the matter of the estate of W. W. Hill, deceased.—Claim of the official bondsmen of said deceased for $40,627.27. The within claim presented to A. H. Statham, administrator of said deceased, is allowed and approved for $40,627.27, this 9th day of May, 1877. [Signed] A. H. Statham, Administrator. Allowed and approved for $40,627.27 this 9th day of May, 1877. [Signed] Gillum Baley, Probate Judge. Filed 9th May, 1877. [Signed] A. M. Clark, Probate Clerk."

The claim was therefore presented, allowed and approved as a claim due and payable by the estate to the claimants.

But the evidence proves, beyond a reasonable doubt, that the claim was not for a demand against the estate then due and payable to the claimants, and that its allowance by the administrator, as a claim of that character, was the result of a collusive understanding and arrangement between the administrator and his co-sureties, upon the bond of the intestate, to relieve himself and them from their obligations on the bond at the sacrifice of the estate.

For the uncontradicted evidence shows that when the claim was presented to the administrator the sureties had not paid the judgment. On the very day that the claim was made out they met to consider ways and means for its payment. At that

meeting the district attorney of Fresno County proposed, if they would pay the costs in the case the county would extend time for payment of the judgment. That proposal was accepted, and for the purpose of acting accordingly, and also providing for the payment of the judgment, they appointed three of their number, namely, Sutherland, Esery and Morrow, to act as "trustees and attorneys in fact for them"; and by a power of attorney which was duly executed, acknowledged and recorded, they empowered them "for us and in our names, etc., and for our use and benefit to ask, demand, sue for, recover, etc., all such sums of money, debts, etc., as are now or shall hereafter become due . . . . to us from the estate of W. W. Hill, deceased, or his heirs, or legal representatives, and have, use, and take all lawful ways and means in our names or otherwise for the recovery thereof by attachment, etc., or otherwise . . . . and other sufficient discharges in our names to make, seal, and deliver, to bargain, contract, agree for, purchase, receive, and take lands, tenements, etc., and accept seizin and possession of all lands, . . . . and to lease . . . . bargain, sell . . . . convey, mortgage, etc., lands, etc. Also to bargain and agree for, buy, sell, mortgage, etc., and in every way and manner deal in and with goods, wares and merchandise, choses in action, and other property in possession that may be received by them from the said estate of W. W. Hill, deceased, or his heirs or legal representatives, and to make, do, and transact all and every kind of business of what nature or kind soever as they may deem beneficial to our interest in connection with our claim against the said estate of W. W. Hill, deceased, his heirs and legal representatives."

Statham, the administrator of the estate, attended the meeting, signed and acknowledged the power of attorney, and participated in the plan arranged for the payment of the costs to the district attorney, and the ultimate payment of the judgment. The result was the "trustees and attorneys in fact of the sureties," on the same day, borrowed $1,248, which they paid to the district attorney, and Statham appropriated for the same purpose $2,000 in his hands as administrator, which being paid over in satisfaction of the costs in the action, the claim against the estate was made out by the "trustees," and presented to the administrator, who immediately allowed and approved it.

The entire basis of the claim as an absolute demand against the estate was this payment.

The appropriation by the administrator of $2,000 of the estate for his individual purposes was an unauthorized and illegal act; an unauthorized appropriation of funds of an estate cannot be made the basis in whole or in part of a claim against the estate. The payment made by the sureties on the judgment, therefore, only amounted to $1,248, and the administrator knew the fact. Being examined as a witness in his own behalf he testified: "When the claim was presented to me, I knew of no payment having been made to the county by any of the claimants except the sum of $3,248, and $2,000 of that I paid out of the estate; the rest was paid by the trustees of the claimants." Yet, with that knowledge and the knowledge of his own interest in the claim, he allowed the claim presented to him for $40,627.27 as justly due and owing by the estate to the claimants.

There is no doubt that sureties who are compelled to pay a debt of their principal have a legal demand for reimbursement which they may enforce against him by personal action if he be alive, or against his estate if he be dead. But in either case reimbursement can only be claimed for what has been expended. (§§ 2847, 2848, Civ. Code.) Here the demand did not accrue until after the death of the principal, and for any moneys paid by them the sureties had an absolute demand against the estate which they were legally entitled to enforce according to law. But $1,248 was all that was legally paid by them, and for that sum no claim against the estate was ever presented. The unpaid judgment against them was not an absolute, provable claim against the estate; it was merely a possible or contingent claim, arising out of their adjudicated connection with the bond of the intestate, which might never become absolute; for the sureties may not have been able to pay the judgment against them, and the judgment might never have been enforced. At all events, until payment *they* had no enforcible demand against the estate for the amount of the judgment. (§§ 709, 1059, Code Civ. Proc.)

In *Pico* v. *De la Guerra*, 18 Cal. 422, a claim against an estate was predicated upon a guaranty to indemnify a surety upon a promissory note. Before the note became due and payable the guarantor died, and the surety, before he had paid the note, pre-

sented a claim upon the guaranty, which the executor allowed and approved; but the allowance and approval were held unauthorized and void, because as the claim against the estate was merely contingent upon payment by the surety of the promissory note of his principal, no cause of action accrued until the contingency happened, and no recovery could be had against the estate, either by the presentation of an immature claim, or by suit at law against the estate.

So it was in the proceedings in hand. The alleged claimants were liable as debtors of Fresno County for the judgment recovered against them as sureties upon the official bond of the intestate; but they were not creditors of the estate holding an enforcible demand against it for the amount of that judgment, because they had not paid the judgment; and until payment thereof they were not entitled to proceed against the estate to enforce its payment in the course of administration. Besides, as the administrator himself was personally interested in the claim, he was disqualified by law from acting upon it. (§ 1510, Code Civ. Proc.)

The minor heirs are not estopped from questioning the correctness of the administrator's account by reason of the proceedings in the Probate Court for a sale of the real property to pay the alleged claim.

It results that the payments made by the administrator upon this claim and allowed him by the Probate Court on the settlement of his account were erroneously allowed.

Judgment and order reversed and cause remanded for further proceedings.

Ross, J., and McKinstry, J., concurred.

Hearing in Bank denied.