BENJAMIN H. GOLD, Appellant, *v.* CITY OF KINGSTON, Respondent, Impleaded with THE ULSTER AND DELAWARE RAILROAD COMPANY and Others, Defendants.

Third Department, November 13, 1924.

Negligence — action against city of Kingston to recover damages suffered when automobile in which plaintiff was riding struck water pipe housing on bridge over railroad — housing constituted barrier on side of bridge — street way across bridge was thirty feet wide and housing extended two feet in from curb line — notice of claim, which did not give names of persons present at time of accident, was insufficient under city charter (Laws of 1896, chap. 747), § 118 — plaintiff was not incompetent to give proper notice within statutory period — theory of case — theory cannot be changed from negligence to nuisance on appeal to obviate necessity of giving notice — facts do not disclose nuisance.

The complaint was properly dismissed in an action against the city of Kingston to recover damages suffered by the plaintiff when an automobile in which he was riding struck the water pipe housing on a bridge over a railroad, where the notice of claim against the city, which must, under section 118 of the city charter (Laws of 1896, chap. 747), be presented to the common council within thirty days, did not give the name of any person present at the time of the accident, for the statute requires that the claimant shall give the names of all persons who were present. The plaintiff is barred from maintaining the action by failure to comply with the statute.

The contention of the plaintiff that he was mentally incapacitated on account of his injuries and could not give the notice required by the statute is not sustained by the record on appeal, since it appears that the complaint, which was drawn before the expiration of the period and which was verified by plaintiff's attorney, states that the sources of information on which the complaint is based are conversations with the plaintiff and with the other occupants of the automobile and since it appears further that the plaintiff did actually sign and verify the written notice of claim which was presented to the common council.

The theory of the case on the trial having been that of negligence the plaintiff cannot on appeal change the theory to nuisance for the purpose of obviating the necessity of giving the notice required by the city charter.

Furthermore, a nuisance is not shown to have existed, since it appears that the housing in question was used also as a barrier for the side of the bridge; that it extended as high as the barrier on the opposite side of the bridge and while it extended two feet within the curb line there still remained a width of twenty-eight feet for passing vehicles, and since it appears further that for more than twenty-five years, during which time the same housing has been used, no accident has ever occurred because thereof.

APPEAL by the plaintiff, Benjamin H. Gold, from a judgment of the Supreme Court in favor of the defendant City of Kingston, entered in the office of the clerk of the county of Ulster on the 19th day of October, 1923, upon the dismissal of the complaint at the close of the plaintiff's case as against the defendant City of Kingston.

*Knapp & Sherman* [*Frank W. Brooks* of counsel; *Theodore A. Knapp* with him on the brief], for the appellant.

*James Jenkins,* for the respondent.

VAN KIRK, J.:

The action is brought to recover for personal injuries sustained by the plaintiff on October 28, 1922, at five-thirty P. M., when the automobile in which he was riding struck against a housing which inclosed the water pipes of the city of Kingston, which pipes had been laid along the floor of the bridge which carried Albany avenue in the city of Kingston over the tracks of the Ulster and Delaware Railroad Company. The complaint charges liability upon the city of Kingston on the ground that it negligently constructed and maintained this housing. The charge against the defendants Klemm and Huber is negligence in that the motor bus owned by them was negligently so driven that the car in which plaintiff was riding was crowded to the extreme right side of the street as it approached this bridge and came into collision with the housing. The complaint purports to set forth but one cause of action. As against the defendant railroad company the action has been by consent withdrawn.

Albany avenue runs north and south. The water pipes were laid along the easterly side of the bridge   The streetway across this bridge is thirty feet wide and the bridge is twenty-two feet in length. On the westerly side of the bridge the barrier is a fence. The housing constructed on the easterly side of the bridge is about three feet in height, having a peaked roof, and " the top of it was similar to the construction of the fence, being $\frac{7}{8}$ inch by 4 inch boards." On the floor of the bridge, in front of this housing and parallel with it, a two by six plank was laid. The housing was four and two-tenths feet wide and so placed that two and one-tenth feet of its width was within the curb line of the street extended across the bridge. There was no other barrier on the easterly side of the bridge and this construction furnished a more substantial barrier than the fence on the westerly side. Plaintiff's engineer, when asked if the water pipes could be carried across the bridge in any other way, answered: " Not across the bridge, no sir; they could not have been taken across the bridge, under the local conditions, any different than what I found them." This construction was placed in or before 1896 and the pipes and housing have been in the same condition as at the time of the accident for more than twenty-five years, during which period a search of the records of the city discloses that no claim has been filed or action begun on account of injuries received due to this construction. At the close

of plaintiff's case the court dismissed the complaint as against the city of Kingston because the written notice of claim required to be filed was fatally defective in that it did not state " the names of the persons present " at the time of the accident. The notice does not purport to state the names of any persons present, not even those in the car with him; though in the recital of facts it names the driver of the car. The provision of the charter of the city of Kingston (Laws of 1896, chap. 747, § 118), under which the court's ruling was made, is as follows: " Claims against the city for damages for injury to persons or property, claimed to have been caused or sustained by defects, or obstructions from snow or ice or other cause in the highways, streets, sidewalks or crosswalks of the city because of the negligence of the city or its officers as to such highway, streets, sidewalks or crosswalks, shall be presented to the common council, in writing, within thirty days after such injuries are received. Such writing shall specify the time, place, cause of the accident, extent of the injury and the names of the persons present, and shall be verified by the oath of the claimant. Omission to present such claim within thirty days shall be a bar to a claim or action therefor against the city." Statutes of this character have been often passed upon by the courts, and the question is no longer open whether or not such restrictions are constitutional, or whether or not the restrictions are reasonable. Had the plaintiff stated the names of all those persons present whom he knew, a question of construction of the statute might have arisen, but such question is not here. The Legislature may interpose any conditions precedent to a right to bring actions against municipalities on account of injuries caused by negligence, although the conditions imposed make it practically impossible to maintain such an action against the city. (*Rogers* v. *Village of Port Chester*, 234 N. Y. 182; *Curry* v. *City of Buffalo*, 135 id. 366, 370; *Murphy* v. *Village of Fort Edward*, 213 id. 397, 400; *Johnson* v. *City of Troy*, 24 App. Div. 602; *Borst* v. *Town of Sharon*, Id. 599.)

The plaintiff urges that he was mentally incapacitated on account of his injuries to give the notice required by the statute within the time limited and, therefore, the failure to serve the required notice should be excused. Upon the record this position is untenable. Plaintiff, an adult, did sign and verify a written notice of claim on the 16th day of November, 1922; and his attorney verified the complaint on the 25th day of November, 1922, stating that the sources of his information, among other things, are conversations with the plaintiff and conversations with the occupants of the car in which plaintiff was riding. Both of these papers were verified within the thirty days after the accident. It was stated

by the court in his oral opinion that, upon a motion to change the place of trial in this action, the plaintiff stated the names of the witnesses present who were riding in the car. These papers were verified December 28, 1922, more than thirty days after the accident. The record does not include these papers, but no objection was taken to the remarks of the court. He was in December, 1922, able to file a claim but did not. · The notice of claim verified and filed by the plaintiff is accepted as a sufficient notice of claim in so far as it complies with the statute. Plaintiff cannot be both competent and incompetent at the same instant. It is too evident that his failure to comply with all the requirements of the statute was not due to mental incapacity. If there was any question of plaintiff's mental capacity, at the time of the trial, that question was one of fact for the jury, not for the court (*Forsyth* v. *City of Oswego*, 191 N. Y. 441); and the plaintiff did not ask to go to the jury upon this question. No other question was raised before the trial court; in fact no exception was taken by the plaintiff to the ruling of the court dismissing the plaintiff's complaint as against the city of Kingston.

A further question is presented in this court, which was not raised in the trial court, namely, whether or not this is an action grounded in nuisance rather than negligence, and, if so, whether or not it is covered by the provision of the charter above quoted. The statute covers claims for damages for injury caused by an obstruction in the streets of the city because of negligence of the city, or its officers, as to such streets.

The cause of action stated in the complaint is for negligence rather than for nuisance. The phrases in the complaint, which would be proper for an action of nuisance, are interspersed with those charging negligence, and the complaint sets forth all the facts necessary to constitute an action grounded in negligence. There is no attempt to state a separate cause of action for nuisance. The action was tried and decided as a negligence action and no objection thereto was taken. No reason appears why the theory of the case presented to the trial court should not be preserved here; it was so presented by choice and consent of the parties. At no time till now has it been suggested that the claim for which suit is brought did not involve negligence.

Further, the facts disclose that this obstruction was not a nuisance in law; if a nuisance at all, it was a nuisance in fact (*Melker* v. *City of New York*, 190 N. Y. 481) and the question would be for the jury; but no request to go to the jury upon this question was made. Indeed, we do not think that the jury would be justified in finding that this housing as placed was a nuisance. The width

of the street across this bridge was thirty feet, sufficient for four automobiles to safely cross side by side; the housing was a substantial, and the only, barrier upon the easterly side of the bridge; the fact that the bridge was not as wide as the street at either end of the bridge does not indicate that the barrier on the side of the bridge is an obstruction; it would not be claimed that the fence on the westerly side of the bridge, though it were within the curb line of the street extended, would be a nuisance or an obstruction; a bridge is often narrower than the highway leading to it.   The fence might be a faulty construction and maintaining it might constitute negligence.   This housing had existed for twenty-five years or more without any accident due thereto.   A public officer, or the average man, would hardly suspect that it was an unlawful structure.

The maintenance of this structure and the failure to remove it, if it were an unlawful or dangerous structure, would constitute negligence upon the part of the city.

The judgment should be affirmed, with costs to the city of Kingston against the plaintiff.

Judgment unanimously affirmed, with costs to the city of Kingston.