[Civ. No. 8657. Second Appellate District, Division Two.—July 21, 1934.]

CLARA NELL PHILLIPS, a Minor, etc., et al., Appellants, v. COUNTY OF LOS ANGELES (a Political Subdivision), Respondent.

Greenbaum & Goldstein for Appellants.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

SCOTT, J., *pro tem.*—The questions raised on appeal in this case are identical with those presented in *Thompson* v. *County of Los Angeles,* this day decided (*ante,* p. 73 [35 Pac. (2d) 185]), with one exception, and by stipulation of the parties the two cases were submitted to and considered by this court on one set of briefs. ▮ The one exception is the question whether Clara Nell Phillips, a minor, appearing here by her guardian *ad litem,* Diva Phillips, was bound by the provision of Act 5149, Deering's Gen. Laws, 1931 (Stats. 1931, p. 2475), and the Political Code requiring a claimant to present her demand to the board of supervisors within ninety days after the accident occurred.

There is nothing in the provisions of the law relating to such demand which indicates an intention by the legislature to except minors from its operation. On the contrary, section 5 of the act expressly negatives that suggestion when it provides that "whenever the words 'person' or 'public' are used in this act, such words shall be deemed to include any pupil attending the public schools of any school or high school district".

Section 42 of the Civil Code provides: "A minor may enforce his rights by civil action or other legal proceedings in the same manner as a person of full age, except that a guardian must conduct the same." The right of action against respondent was by virtue of statutory enactment (Act 5619, Deering's Gen. Laws), and the law-making body which created the right could properly ordain the procedure by which that right was to be enforced. The solicitude of the law in protecting a minor in his contractual and other relationships is limited and not general in application. It does not protect him against civil liability for a wrong done by him (Civ. Code, sec. 41), nor preclude the defense of

contributory negligence in an action brought by him for damages for another's negligence. By way of further example, ''a minor has no further time than an adult within which to take the necessary steps for the correction of errors in the proceeding or the judgment; for the statute has not made infancy an exception''. (*Welsh* v. *Koch,* 4 Cal. App. 571, 575 [88 Pac. 604].) The statute having not made infancy an exception in this case, the general provisions of the act must be held to apply, and the minor plaintiff, therefore, was required to file a claim within the time and in the same manner as an adult, as a condition precedent to bringing suit.

The views expressed in *Thompson* v. *County of Los Angeles, supra,* being determinative of this appeal as to the other questions raised, the judgment is affirmed.

Craig, Acting P. J., and Desmond, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 13, 1934.