WILLIAM WHITE, an Infant, by JOHN WHITE, His Guardian ad Litem, Plaintiff, *v.* THE CITY OF AUBURN, NEW YORK, Defendant.

Supreme Court, Cayuga County, December 21, 1938.

*William S. Elder, Jr.,* for the plaintiff.

*Noble, Leary & Leary,* for the defendant.

KENYON, J. The plaintiff, William White, an infant of the age of twelve years at the time of the happening of the accident, brings this action by John White, his guardian *ad litem,* against the city of Auburn, alleging that on the 29th day of January, 1938, while sliding down hill in Pomeroy Park, a public park controlled by the city, he encountered a tree and thereby received certain injuries including a broken leg. This action was commenced on or about the 26th day of April, 1938. Notice of the plaintiff's intention to sue thereon and the time when and place at which the accident occurred was filed by the plaintiff, by John White, his guardian *ad litem,* with the corporation counsel of the defendant on or about the 20th day of April, 1938. The complaint alleges that the accident occurred and that the injuries resulting therefrom were received by reason of the negligence of the city of Auburn.

Defendant brings this motion to dismiss the complaint on the ground that it fails to state a cause of action in that it appears upon the face thereof that the plaintiff has failed to comply with section 157 of the charter of the city of Auburn. (Laws of 1920, chap. 438.) The pertinent parts of that section provide that " No action shall be maintained against the city of Auburn for any injury received or damage sustained by reason of the negligence of said city or any of its departments, boards, officers, agents or employees, unless written notice specifying the time, place and cause of such injury or damage, and of an intention to commence an action against the city therefor, shall have been filed with the corporation counsel within sixty days after such injury shall have been received or damages sustained, if notice be filed by or in behalf of the person injured, or sustaining damage; and within six months if presented by his or her legal representatives; nor unless such action shall have been commenced within one year after such injury was received or damage sustained."

The defendant maintains that the theory that the plaintiff had in mind when this notice was served by John White, guardian *ad litem,* was that it was served by the legal representative of the plaintiff and that, therefore, service of the notice within six months would be legal. If this was the plaintiff's theory it would be incorrect because the legal representative, of which the section speaks, is that legal representative, such as an administrator or executor, who stands in the place and stead of a person who is dead. This plaintiff

is alive. Therefore, that clause of the section is of no avail, for or against either party.

A decision must be made as to whether the service of the notice of intention to sue was legal and timely having in mind that portion of the section that deals with a plaintiff who alleges that he has been injured due to the defendant's negligence but who remains alive. This section says that the notice must be served upon the corporation counsel within sixty days. In this case it was not. Therefore, does the law recognize any excuse, under any circumstances, for failure to serve this notice within sixty days of the time of injury?

In the case of *Murphy* v. *Village of Fort Edward* (213 N. Y. 397, at p. 402 [1915]) Judge COLLINS, writing for the court, said in part: " ' If an infant of ten years is injured, with no one capable of presenting a claim to the common council, the strict limitation of the statute should not be raised against him. If twenty years of age and mature, and not disabled unduly by his injuries, then the statutory requirements should be applicable. " Each case must be a law unto itself " within reasonable limits.' * * * In this State the maxim that the law does not seek to compel a man to do that which he cannot possibly perform has been made the basis for the principle that physical and mental inability to comply with a statutory provision of the kind under consideration excuses the non-compliance. * * * ' If an infant of ten years is injured, with no one capable of presenting a claim to the common council, the strict limitation of the statute should not be raised against him. If twenty years of age and mature, and not disabled unduly by his injuries, then the statutory requirements should be applicable.' There are cases holding that a parent is the natural guardian and protector of the rights of his infant child. It cannot, however, be justly held, we think, that rights accorded by the law to infants are forfeited because a parent did not perform for an infant where performance was excused because of the infancy. * * * It is reasonable to conclude that inability is attributable to a first period of infancy and ability is attributable to a final period, as a matter of law, and through a period lying between those two the question of ability is a question of fact to be submitted to and determined by the jury. * * * It is not necessary now to determine the age at which the first period ends and that at which the final period begins; indeed they might differ with the facts of different cases."

In the case of *Russo* v. *City of New York* (258 N. Y. 344, at pp. 347, 348 [1932]), Judge POUND, writing for the court in a case where the trial justice left to the jury the question whether the

plaintiff was physically and mentally able to comprehend and comply with the statutes, and in which case the plaintiff had not filed the notice required by statute, said, among other things:

" There are three periods of infancy to be considered in this connection. As matter of law the strict requirements of the statute are not enforced against an immature infant of approximately ten years or less. They are enforced against an infant of riper years, of ordinary physical and mental capacity. Between these two periods lies a middle period where the infant may or may not be held to the provisions of the statute under the facts of the case as the jury may determine. No exact limitation of these periods by age can safely be made and the classification may depend to some extent on the facts in a given case, but it is the age and capacity of the infant rather than the conduct of its parents and guardians which control.

" ' It cannot, however, be justly held, we think, that rights accorded by the law to infants are forfeited because a parent did not perform for an infant where performance was excused because of the infancy.' (*Murphy* v. *Village of Fort Edward, supra,* p. 403.) Here the plaintiff was a witness in her own behalf and the jury had not only her age but her appearance to aid them in arriving at their conclusion. No claim can be made that a little girl of fourteen when served with a notice to appear before the Comptroller for examination should as matter of law be held to the strict requirements of the statute, even though a notice of claim and intention to sue had been previously filed on her behalf."

The court has carefully considered this complaint, including, among other things, the discussion by the defendant of the meaning of the term " legal representative." As to that discussion the court feels in accord with the defendant, but after careful reflection the court has decided that this case must be determined in accordance with that part of the statute dealing with a plaintiff who has survived the injury and was alive at the time the action was brought. The court also decides that as the plaintiff, at the time of the accident, was twelve years of age, he comes within that period of life where the question of the physical and mental ability of the plaintiff to comprehend and comply with the statute, before us in this case, is a question of fact for the jury.

Motion denied. Let an order be entered accordingly.