[Civ. No. 6235. Third Appellate District.—February 10, 1940.]

HELEN WICKLUND, a Minor, etc., Appellant, v. PLYMOUTH ELEMENTARY SCHOOL DISTRICT et al., Respondents.

Gumpert & Mazzera, Snyder & Snyder and J. Calvert Snyder for Appellant.

Allen L. Martin, District Attorney, for Respondents.

TUTTLE, J.—This is an action brought to recover damages on account of personal injuries. The trial judge sustained a demurrer to the complaint, without leave to amend, and judgment was entered in favor of defendants. From this judgment plaintiff prosecutes the appeal.

The complaint alleges that plaintiff was a student in Plymouth School, and that, through the negligence of defendants, her dress became ignited and the resulting fire caused her serious and dangerous burns. The allegation with which we are here concerned reads as follows:

"That, while said burns were received, as herein alleged, on January 4, 1938, the effect thereof covered a continuing period, and from January 4, 1938, to August 3, 1938, as a result thereof, plaintiff was confined in a hospital, and, during such period, because of the severity and continuing effect of such injuries, plaintiff was neither physically nor mentally capable of having presented her said claim to the clerk of said School District, and that due to the continuing effect of such injuries, it was not until after August 3, 1938, that the extent thereof was ascertainable, and hence, the delay in presenting said claim to said clerk."

The right of action is predicated upon section 2.801 of the School Code, which reads as follows:

"Boards of school trustees, high school boards, junior college boards and boards of education are liable as such in the name of the district for any judgment against the district on account of injury to person or property arising because of the negligence of the district, or its officers or employees; provided, however, that a verified claim for damages shall have been presented in writing and filed with the secretary or clerk of the school district within ninety (90) days after such accident has occurred. Such claim shall specify the name and address of the claimant, the date and place of the accident, and the extent of the injuries or damages received."

██ It is contended by appellant that, although it appears that a verified claim was not filed within ninety days after the accident, the complaint alleges facts which, nevertheless, entitle plaintiff to recover. Those facts appear in the portion of the complaint quoted above.

We are of the opinion that the case of *Johnson* v. *City of Glendale*, 12 Cal. App. (2d) 389 [55 Pac. (2d) 580], is

squarely against the position taken by appellant, and is decisive of the question here raised. In that case the question was based upon a similar statute relating to actions against municipalities. Plaintiff did not present her claim for damages within the ninety days required, and as an excuse for noncompliance, alleged in her complaint as follows:

"That plaintiff, by reason of her injuries, was incapacitated and sick and sore in mind and body for a period of three months and unable to ascertain the true state of the law and the nature of her rights, and unable to file a claim against said city."

A demurrer was sustained to the complaint, and judgment was entered for defendants. After stating that there is a line of cases which hold that provisions of a law requiring the giving of a notice of injuries within a specified time need not be strictly met, the court said:

"The contrary, and we think the more satisfactory, rule is that the giving of notice or the filing of claims within the limited period allowed therefor is purely a matter for legislative control, and that where a law makes compliance mandatory and no exceptions are provided in the law itself, the courts may provide none under the guise of interpretation or construction." (Numerous cases are cited.)

It is contended by appellant that the allegations here can be distinguished from those in the Johnson case, as they show a *continuous injury*, the extent of which was not ascertainable until "after August 3, 1938", and that therefore the ninety-day period did not commence to run until that date was reached. We do not think this attempted distinction is substantial. The statute makes no exception whatever, based upon the physical incapacity of the claimant during the said period. Whether the injury is continuous or not, is immaterial. The claim must be filed within ninety days from the date of the *"accident"*, irrespective of the nature of the injuries received. This does not mean ninety days from the date when the full result of the injuries were ascertained, or from the date of recovery from such injuries. It is a familiar rule that where a right of recovery is purely statutory and is granted upon conditions, one who seeks to enforce the right must by allegation and proof bring himself clearly within the conditions. (Johnson case, *supra*.)

It is true, as pointed out by appellant, this holding may, in some cases, work a real hardship. If it does result in an injustice and is too onerous, that is a matter of legislative concern, and not judicial interpretation. The complaint shows that appellant failed to file her claim within the time provided by the School Code, and hence it did not state a cause of action.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.