[L. A. No. 18179.  In Bank.  Dec. 3, 1942.]

JERRY ARTUKOVICH, JR., a Minor, etc., Appellant, v. FRED O. ASTENDORF et al., Defendants; COUNTY OF LOS ANGELES, Respondent.

330

J. M. Sinclair and A. D. Orme for Appellant.

Jennings & Belcher, Stevens Fargo, J. H. O'Connor, County Counsel, and S. V. O. Prichard, Assistant County Counsel, for Respondents. ·

SPENCE, J. pro tem.—Plaintiff appeals from a judgment of dismissal entered after the trial court sustained defendants' demurrers to the complaint as amended without further leave to amend.

The complaint, which was filed on May 17, 1940, alleged that plaintiff, a minor of the age of 16 years and a ward of the juvenile court, was being transported on June 25, 1939, to a forest camp in a county truck driven by defendant Astendorf, a deputy probation officer and an employee of the defendant county of Los Angeles, and that while being so transported said Astendorf so negligently operated said truck as to cause the same to overturn and to injure plaintiff. Said complaint was thereafter amended by stipulation on February 6, 1941, by adding the following allegation: "That no claim for the damages sought in this complaint has been presented or filed with the defendant County of Los Angeles, or any clerk or auditor thereof, under California Political Code, Sections 4074-79 inclusive, or otherwise."

No question is raised on this appeal concerning the propriety of the order and judgment of the trial court with respect to defendant Astendorf. ▮ Plaintiff contends,

however, that the trial court erred in sustaining the demurrer of the defendant county of Los Angeles and in entering the judgment of dismissal in favor of said defendant. More specifically, the contention is that the provisions of section 4075 of the Political Code, which require the presentation to the board of supervisors of any claim against a county before any action may be brought thereon, do not apply to minors and that plaintiff was therefore not required to plead such presentation.

While the precise question presented by plaintiff's contention does not appear to have been previously raised and decided, there are several cases in this jurisdiction either holding or assuming that other statutory provisions, requiring the presentation of claims, do apply to minors. (*Phillips* v. *County of Los Angeles,* 140 Cal.App. 78 [35 P.2d 187]; *Myers* v. *Hopland U. E. School Dist.,* 6 Cal.App.2d 590 [44 P.2d 654]; *Carpenter* v. *Eureka Casualty Co.,* 14 Cal.App.2d 533 [58 P.2d 682]; *Wicklund* v. *Plymouth Elem. School Dist.,* 37 Cal.App.2d 252 [99 P.2d 314]; *Kline* v. *San Francisco U. School Dist.,* 40 Cal.App.2d 174 [104 P.2d 661, 105 P.2d 362].) In summarizing the rule announced in the above mentioned authorities and others, this court recently said in *Redlands High School Dist.* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490], at page 374, "Cases have established that the liability of municipalities, counties and school districts for the negligent acts of their officers and employees is derived solely from statutory provisions in this state. Any plaintiff, therefore, must fulfill the mandatory requirement that a verified claim be filed as a prerequisite to maintaining a suit under the statute and failure to file such a claim is fatal to the cause of action."

The underlying principles upon which the authorities are based are (1) that neither the state nor any of its political subdivisions may be sued in the absence of specific statutory permission; (2) that where a right of action against the state or any of its political subdivisions is created by statute, such right may be circumscribed by any conditions that the Legislature may see fit to impose; and (3) that when the Legislature enacts a mandatory provision requiring in general terms that all claims must be presented before any action may be brought thereon, compliance with such condition is an indispensable prerequisite to the bringing of any such action by any person, regardless of his age or his physical or mental

condition. (See *Johnson* v. *City of Glendale*, 12 Cal.App. 2d 389 [55 P.2d 580].)

The conclusion reached in the above mentioned decisions is in line with the great weight of authority in other jurisdictions. (*Baker* v. *Town of Manitou*, 277 F. 232; *City of Birmingham* v. *Weston*, 233 Ala. 563 [172 So. 643, 109 A.L.R. 970]; *Peoples* v. *City of Valparaiso*, 178 Ind. 673 [100 N.E. 70]; *Palmer* v. *City of Cedar Rapids*, 165 Iowa 595 [146 N.W. 827, Ann.Cas. 1916E, 558]; *Dechant* v. *City of Hays*, 112 Kan. 729 [212 P. 682]; *Thomas* v. *City of Coffeyville*, 145 Kan. 588 [66 P.2d 600]; *Madden* v. *City of Springfield*, 131 Mass. 441; *Davidson* v. *City of Muskegon*, 111 Mich. 454 [69 N.W. 670]; *Szroka* v. *N. W. Bell Tel. Co.*, 171 Minn. 57 [213 N.W. 557, 59 A.L.R. 404]; *Schmidt* v. *City of Fremont*, 70 Neb. 577 [97 N.W. 830]; *Hurley* v. *Town of Bingham*, 63 Utah 589 [228 P. 213]; *Robinson* v. *City of Memphis*, 171 Tenn. 471 [105 S.W.2d 101].)

The principles set forth in these authorities are well established and clearly indicate that plaintiff's contentions cannot be sustained. The decision herein might therefore be rested upon the authorities cited without further comment were it not for the fact that plaintiff apparently argues (1) that the statutes under consideration here are different from the statutes involved in the cited cases and (2) that, in any event, the above mentioned decisions of the District Courts of Appeal "establish a rule entirely inconsistent with the public policy of this state."

With respect to statutes under consideration here, plaintiff calls our attention to the fact that the right which he seeks to enforce was created by section 400 of the Vehicle Code and that "no claim is required specifically by the statute establishing liability." Said section, however, permits an action to be brought against a county only "in the manner directed by law." The "manner directed by law" is found in section 4075 of the Political Code which was enacted in 1907 and long prior to the enactment of section 400 of the Vehicle Code, or the enactment of its forerunner, section 1714½ of the Civil Code.

Plaintiff further argues that "the act requiring the filing of a claim does not specifically apply to minors," citing only section 4075 as authority for such statement. It may be conceded that the word "minors" is not found in the section

but, on the other hand, there is nothing in the section exempting minors from the requirements thereof.

The first paragraph of section 4075 contains a limitation on the power of the board of supervisors and provides in part, "The board of supervisors must not hear or consider any claim . . . nor shall the board credit or allow any claim . . . unless the same . . . is presented and filed . . . within a year after . . . the claim accrued." The second paragraph of said section provides "All claims against any county . . . shall be presented to the board of supervisors as herein provided before any suit may be brought on any such claim, and no suit shall be brought on any such claim until said claim has been presented as herein provided . . . " The section expressly requires the presentation of "any" and "all" claims before "any suit" may be brought thereon. It contains no language which justifies a conclusion that these broad terms were intended to be subject to any limitation or exception and, under the authorities above cited, no exception in favor of minors or persons laboring under other disabilities may be written into said section under the guise of judicial interpretation.

With respect to the "public policy of this state," we find nothing in the above-mentioned decisions of the District Courts of Appeal which is inconsistent therewith. It is true that it has always been the policy of this state and of other states to place minors in a favored class *for certain purposes.* But as pointed out in *Phillips* v. *County of Los Angeles,* 140 Cal.App. 78, 79 [35 P.2d 187], "The solicitude of the law in protecting a minor in his contractual and other relationships is limited and not general in its application." For example, the law does not relieve a minor from liability for his civil wrongs (Civ. Code, § 41) nor does it make him immune from punishment for his criminal acts (Pen. Code, § 26). The fixing of the age of majority is itself a subject which is covered by statute and practically every special consideration which has been extended to those who have not attained such statutory age is likewise covered by statute. Thus there are statutory provisions extending special consideration to minors with respect to the time within which certain proceedings must be commenced (Code Civ. Proc., §§ 328, 352, 1272; Prob. Code, §§ 384, 931), but the special consideration extended is expressly limited to the proceedings therein mentioned. We find no similar provisions

extending special consideration to minors in statutes prescribing the time within which claims must be filed or the time within which proceedings must be commenced upon rejected claims either in probate proceedings (Prob. Code, §§ 700, 714, 716) or in liquidation proceedings (Deering's Gen. Laws, Act 652, § 136; Deering's Gen. Laws, Act 986, §§ 13.16; Ins. Code, §§ 1021-1032); and it was held in *Carpenter* v. *Eureka Cas. Co.*, 14 Cal.App.2d 533 [58 P.2d 682], that where such statutes make no exception in favor of minors, none may be implied. There are other statutes which might be mentioned but sufficient has been said to show that the Legislature has apparently balanced the questions of public policy involved in each instance and has determined whether the policy of extending special consideration to minors outweighed some other policy. If it did so believe, an exception was written into the statute in favor of minors, but if it did not so believe, no such exception was so written into the statute.

So far as our search has disclosed, the Legislature has made no exception in favor of minors in any claims statute enacted at any time during the entire history of our state. Furthermore, whenever the Legislature has defined the word "person" in any claims statute, it has made it entirely clear that it was the legislative policy to make such statutes apply to minors. Thus in the statute requiring the presentation within 90 days of claims against school districts and other public bodies for injuries resulting from defective public property, the word "person" has been defined "to include any pupil attending the public schools." (Stats. 1931, p. 2475; Deering's Gen. Laws, Act 5149, § 5; see also Stats. 1931, p. 2476; Deering's Gen. Laws, Act 5150, § 4.) It is a matter of common knowledge that the vast majority of pupils attending the public schools are minors. It therefore appears that the public policy of this state, as expressed by the Legislature in claims statutes, is contrary to that claimed by plaintiff and it further appears that the above mentioned decisions of the District Courts of Appeal are in harmony with the public policy so expressed.

It may be argued that there should be a change in policy but that argument should be addressed to the Legislature rather than to the courts. In this connection, we find that the Legislature has met in four regular sessions since the de-

cision in *Phillips* v. *County of Los Angeles, supra,* and in three regular sessions since the decision in *Johnson* v. *City of Glendale, supra,* and that it has not amended any claims statute to make an exception in favor of minors or persons laboring under other disabilities. It further appears that in 1933 (Stats. 1933, p. 2147) the Legislature amended Act 5150 of Deering's General Laws (Stats. 1931, p. 2476) so as to define the word "officer" as including "employee," thereby requiring school pupils to present their claims within 90 days in cases falling within the provisions of said act regardless of whether their injuries resulted from the negligence of a public officer or of a public employee. (Compare *Myers* v. *Hopland U. E. School Dist., supra,* and *Bates* v. *Escondido School U. H. Dist.,* 133 Cal.App. 725 [24 P.2d 884].) The conclusion is therefore inescapable that there is an established legislative policy to provide for no exceptions in favor of minors in claims statutes, and we are of the opinion that this court would commit an unwarranted trespass into the legislative field if it should write an exception into section 4075 contrary to such established legislative policy.

Plaintiff cites and relies upon a few cases from other jurisdictions which cases are not in harmony with the great weight of authority. These cases show a tendency upon the part of some courts to read into claims statutes, and particularly into those statutes prescribing very short periods of time, an exception in favor of an injured minor, incapable physically or mentally of doing the required act himself and incapable legally of appointing an agent to do the required act for him. The basis of these minority rule decisions has usually been the asserted impossibility of compliance with the statute by the injured minor. But under the statute before us, the claim of the minor plaintiff could have been presented at any time within one year and could have been presented by a parent or guardian. (*Kelso* v. *Board of Education,* 42 Cal.App.2d 415 [109 P.2d 29].) Furthermore, the minor plaintiff here was represented by a guardian, who in turn was represented by an attorney, in ample time for compliance as this action was brought within eleven months after the happening of the accident. Therefore, the argument of impossibility of compliance could not have any force here. But the main ground for distinction of the minority rule cases is that we find none of those cases decided in any jurisdiction where the claims

statutes of the jurisdiction affirmatively showed an established legislative policy to make claims statutes applicable to minors.

Plaintiff has suggested a further point which should be mentioned. It is apparently contended that as section 400 of the Vehicle Code authorizes the county to insure against the liability imposed by that section, the purpose of section 4075 of the Political Code in requiring the filing of claims no longer exists. We find no merit in this contention. The record before us contains nothing to show that the defendant county had insured against such liability but, assuming that the record so showed, the provisions of section 4075 would nevertheless be applicable. The liability imposed by section 400 of the Vehicle Code rests upon the county, and section 4075 of the Political Code provides that all claims against the county must be presented. Neither the provisions of section 400 of the Vehicle Act authorizing the county to insure nor the fact that the county may have acted under such authorization can have any bearing upon the question before us.

It follows from what has been said that plaintiff's complaint failed to state a cause of action against the defendant county and that the trial court properly sustained the demurrer of the defendant county and entered the judgment of dismissal in its favor.

The judgment is affirmed.

Gibson, C. J., Shenk, J., and Curtis, J., concurred.

EDMONDS, J., Dissenting.—To me, it seems anomalous that a minor, who the law declares is incapable of making a contract, is bound by a statute requiring, as a condition precedent to bringing suit against a county, that a claim be filed within a limited period. Such a conclusion, in my opinion, may be reached only by ignoring fundamental rules of statutory construction.

Statutes should be given a reasonable interpretation consistent with the dictates of justice, and courts have adhered to the rule that the Legislature's intention will not be presumed to include harsh or absurd consequences unless the language is so clear as to admit of no doubt (Civ. Code, § 3542; *San Joaquin, etc., Irr. Co.* v. *Stevinson,* 164 Cal. 221 [128 P. 924]; *Uhl* v. *Badaracco,* 199 Cal. 270 [248 P. 917]; *Helping Hand Home* v. *County of San Diego,* 26 Cal.App.2d

452 [79 P.2d 778]; 23 Cal.Jur. 722). Furthermore, statutes, although general in terms, are deemed to have been enacted with full recognition of well established rules of law and the settled public policy of the state (23 Cal.Jur. 784), and a construction of them as containing exceptions in conformity with such rules of law or public policy, does not amount to judicial legislation.

From time immemorial the legal status of infants has been recognized as singular, and because of their tender years and lack of understanding the law has refused to hold them to the same accountability as adults. In many situations comparable to the present one, special exceptions in favor of infants have been made by the Legislature and the courts. For example, statutes of limitations do not run against the claim of an infant until he attains his majority. (§§ 328, 352, 1272, Code Civ. Proc.) An infant cannot be guilty of laches (21 C.J. 241, cases cited n. 65). The doctrine of estoppel has no application to minors (*Estate of Hill,* 67 Cal. 238 [7 P. 664].) A minor under the age of 18 years cannot make a contract relating to real property (§ 33, Civ. Code), and many other agreements entered into by an infant may be disaffirmed by him either before his majority or within a reasonable time thereafter (§ 34, Civ. Code.) And children under the age of 14 are deemed incapable of committing crimes in the absence of clear proof that at the time of committing the act charged against them, they were aware of its wrongfulness (§ 26, Pen. Code).

Accordingly, a strong minority of courts have taken the position that, in view of the various exemptions from liability accorded infants by the law, the Legislature, in enacting statutes requiring the presentation of claims or notice as a condition precedent to suits against municipal corporations, did not intend by its general language to include a class of persons which the law recognizes as lacking responsibility. By certain of these decisions, all minors, irrespective of age and without regard to their physical and mental capacity, have been exempted from the operation of such statutes. (*McDonald* v. *City of Spring Valley,* 285 Ill. 52 [120 N.E. 476, 2 A.L.R. 1359]; *Doerr* v. *City of Freeport,* 239 Ill.App. 560; *Costello* v. *City of Aurora,* 295 Ill.App. 510 [15 N.E.2d 38].) Other courts have extended the exception only to those infants of tender years who do not possess sufficient intelligence and understanding to be able to comprehend and comply with the

requirements of the statute. (*Lazich* v. *Belanger*, 111 Mont. 48 [105 P.2d 738]; *City of Tulsa* v. *Wells*, 79 Okla. 39 [191 P. 186].)

Still a third view is taken by the New York courts. In that state, as a matter of law, the statutory requirement of notice is not enforced against an immature infant of 10 years of age or less. But it is applied to the cause of action of a minor over 16 years of age, and it is for the jury to determine whether a minor between the ages of 10 and 16 has sufficient mental and physical capacity to be able to comply with the statute. (*Murphy* v. *Village of Fort Edward*, 213 N.Y. 397 [107 N.E. 716, Ann.Cas. 1916C, 1040]; *Russo* v. *City of New York*, 258 N.Y. 344 [179 N.E. 762]; *Yablonsky* v. *City of New York*, 128 Misc. 469 [219 N.Y.S. 121]; *Adonnino* v. *Village of Mount Morris*, 12 N.Y.S.2d 658; *Briggs* v. *Village of Peekskill*, 16 N.Y.S.2d 873. See cases collected in 31 A.L.R. 619; 59 A.L.R. 411; 109 A.L.R. 975; and McQuillan, Municipal Corporations, 2d ed., vol. 6, § 2893.)

Under the reasoning of the decisions following the minority doctrine, section 4075 of the Political Code, when considered in connection with the rules of law excepting infants from the legal responsibility imposed upon adults, must be held inapplicable to minors of such immaturity as to be mentally incapable of complying with its terms. The requirement of notice to the city authorities presupposes the existence of an individual capable of giving it. There are numerous cases holding that the failure to give notice or to file a claim as required by statute, does not bar recovery against the city for negligence when the injured person is unable to act within the statutory period by reason of physical or mental inability, and particularly when the inability arises from the very act of negligence for which the city is sought to be held responsible. Under such circumstances, the requirement of notice is excused pending the existence of the disability. (*Webster* v. *City of Beaver Dam*, 84 F. 280; *City and County of Denver* v. *Taylor*, 88 Colo. 89 [292 P. 594, 72 A.L.R. 833]; *Randolph* v. *City of Springfield*, 302 Mo. 33 [257 S.W. 449]; *Forsyth* v. *City of Oswego*, 191 N.Y. 441 [84 N.E. 392, 123 Am.St.Rep. 605]; *Williams* v. *City of Port Chester*, 72 App.Div. 505 [76 N.Y.S. 631]; *Terrell* v. *City of Washington*, 158 N.C. 281 [73 S.E. 888]; 31 A.L.R. 619; contra, *Johnson* v. *City of Glendale*, 12 Cal.App.2d 389 [55 P.2d 580]; *Wicklund* v. *Plymouth E. School Dist.*, 37 Cal.App.2d

252 [99 P.2d 314].) To hold the statute applicable to minors who have not reached the age of understanding, or to those mentally unable to comprehend the requirements of the statute, would in effect result in depriving them of the right of action given them by the statute. Section 4075 of the Political Code, by its terms, makes no provision for the filing of a claim by a person on behalf of another and, if it did, an infant has no power to appoint an agent. (§ 33, Civ. Code.) The parent is the natural guardian of the child, as such, but he has no control over the minor's property. However, assuming that the parent or guardian of the minor is empowered to file the claim in his behalf, the cause of action should not depend upon the act of a parent, guardian or self-constituted next friend. Indeed, the negligence of the parents in omitting to give the required notice cannot be imputed to the child. (*Zarzana* v. *Neve Drug Co.*, 180 Cal. 32 [179 P. 203, 15 A.L.R. 401]; 19 Cal.Jur. 662.)

The purpose of the statutes requiring the giving of notice is to protect the municipality against fraud arising out of stale claims. This purpose is not served by a strict enforcement of the statute against those incapacitated from giving notice within the time specified, and the statute may not be reasonably construed as requiring that to be done which the claimant is wholly incapable of doing.

The fact that the Legislature has met several times since District Courts of Appeal decided that a minor must comply with a claims statute general in terms and has not amended the law should not, I believe, be considered an acceptance of that construction by the law making body. For a court to base its determination upon a legislative failure to act is to disregard realities. (See *Toucey* v. *New York Life Ins. Co.*, 314 U.S. 118, 139-140 [62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967]; *Helvering* v. *Hallock*, 309 U.S. 106, 119-121 [60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368].)

For these reasons, I believe that, in accordance with the legislative policy of this state to protect the rights of minors generally, section 4075 of the Political Code should be interpreted as inapplicable to infants mentally and physically unable to comprehend or comply with its terms. Whether the particular infant plaintiff has reached the age of understanding to comply with the statute is a question of fact which should be determined by the jury in connection with the other issues presented in each case.

Applying this rule to the facts of the present case, the complaint discloses that the appellant was 16 years of age at the time of the commencement of the action, but it contains no allegation that he was of such immature age and lacked such mental capacity as to be unable to know or take cognizance of the requirements of the law, or to comply with the statutory mandate concerning the filing of a claim with the county. This allegation is essential to the statement of a cause of action. However, the appellant should have been afforded an opportunity to supply this deficiency, and it was error for the trial court to sustain the demurrer without leave to amend.

Traynor, J., concurred.

CARTER, J.—I dissent. The majority opinion is based on a purely cold legalistic theory without regard to considerations of justice or the rights of those who because of disability are entitled to greater protection than the law extends to normal persons. The applicability of claim statutes to minors must necessarily lead to absurd results. A minor of tender years is not legally competent to commence a civil action or do anything affecting his property or legal rights. The requirement that a claim be filed presupposes a competent person as claimant. Section 4075 of the Political Code contains no provision for the filing of a claim by anyone other than the claimant. The law does not require the performance of an impossibility. Yet, to require a minor of tender years to file a claim amounts to just that. How could a child five years of age or less sign or verify a claim? Even if he could write his name, any document signed by such child would have no validity. What then is the effect of the majority opinion holding that a minor must file a verified claim as a prerequisite to maintaining a suit on a cause of action for personal injuries against a county? The only answer is that a minor's cause of action in such a case is lost and he is barred from enforcing liability created by statute for his benefit. Such a construction renders the statute discriminatory and unconstitutional as a denial of equal protection of the law. It is not to be supposed that the Legislature intended any such discriminating operation be given to the statute. Under such interpretation an adult may recover for an injury resulting from the negligence of a county employee but an infant may not. The only rule consonant with justice is that

the infancy tolls the time within which the claim might be filed. Respectable authority establishes that there may be read into the statute excuses, based upon disability, for failure to file a claim. (See *Gold* v. *City of Kingston*, 210 App. Div. 523 [206 N.Y.S. 735]; *MacMullen* v. *City of Middletown*, 187 N.Y. 37 [79 N.E. 863, 11 L.R.A. N.S. 391]; *Murphy* v. *Village of Fort Edward*, 213 N.Y. 397 [107 N.E. 716, Ann.Cas. 1916C, 1040]; *Forsyth* v. *City of Oswego*, 191 N.Y. 441 [84 N.E. 392, 123 Am.St.Rep. 605]; *Winter* v. *City of Niagara Falls*, 190 N.Y. 198 [82 N.E. 1101, 123 Am.St.Rep. 540]; *Russo* v. *City of New York*, 258 N.Y. 344 [179 N.E. 762]; *McDonald* v. *City of Spring Valley*, 285 Ill. 52 [120 N.E. 476, 2 A.L.R. 1359]; *Randolph* v. *City of Springfield*, 302 Mo. 33 [257 S.W. 449]; *Hartsell* v. *City of Asheville*, 166 N.C. 633 [82 S.E. 946]; *City of Tulsa* v. *Wells*, 79 Okla. 39 [191 P. 186]; *Bowles* v. *City of Richmond*, 147 Va. 720 [129 S.E. 489, 133 S.E. 593]; *Doerr* v. *City of Freeport*, 239 Ill. App. 560; *Foster* v. *City of Charlotte*, 206 N.C. 412 [174 S.E. 412]; *City of Colorado Springs* v. *Colburn*, 102 Colo. 483 [81 P.2d 397]; *Costello* v. *City of Aurora*, 295 Ill.App. 510 [15 N.E.2d 38]; *White* v. *City of Auburn*, 8 N.Y.S.2d 575; *Lazich* v. *Belanger*, 111 Mont. 48 [105 P.2d 738].) These cases are based upon the proposition that the Legislature did not intend to require the impossible nor enact legislation which would be unconstitutional because of its discriminatory operation. At most the authorities may be said to be evenly split on the proposition. No reason is given for the adoption in California of the inhuman and unjust rule announced in the majority opinion. It is based upon a purely legalistic and reactionary approach to the problem.

The majority opinion states: ''The conclusion is therefore inescapable that there is an established legislative policy to provide for no exceptions in favor of minors in claims statutes, and we are of the opinion that this court would commit an unwarranted trespass into the legislative field if it should write an exception into section 4075 contrary to such established legislative policy.'' The majority opinion then refers to the rule announced in other jurisdictions where the courts have construed such statutes in favor of granting exceptions to minors and persons under disability. The majority opinion then states: ''The basis of these minority rule decisions has usually been the asserted impossibility of compliance with the statute by the injured minor. *But under the statute before*

*us, the claim of the minor plaintiff could have been presented at any time within one year and could have been presented by a parent or guardian."* I have examined the statute in question with exceptional care and I fail to find any provision therein susceptible to the interpretation that a claim on behalf of a minor may be filed by a parent or guardian. In fact, no reference is made in said statute to a minor or person under disability. The exact language of the statute is that "such claim shall be stated in writing, signed by the claimant or someone authorized by him." The majority opinion does not attempt to point out how a minor of tender years could authorize anyone to sign, verify or present a claim on his behalf. While the majority opinion is reluctant to "commit an unwarranted trespass into the legislative field" in creating an exception in favor of minors so far as the necessity for filing a claim is concerned, no reluctance is shown in reading into the statute a provision that a claim may be presented by a parent or guardian on behalf of a minor. But even conceding for the sake of argument that the majority opinion is not "trespassing into the legislative field" in holding that section 4075 of the Political Code authorizes a parent or guardian to file a claim for personal injury on behalf of a minor, the opinion offers no solution for the case in which a minor of tender years without parent or guardian might suffer an injury as the result of the negligence of a county employee, and because of his disability, fail to file a claim within the time specified in said section. Obviously, under the rule announced in the majority opinion, no recovery could be had by such minor. If there is any consideration of public policy which can support such an unjust and inhuman rule, it has not been disclosed by any utterance which has come to my attention from any legislative or judicial source.

It is obvious from what I have said in the foregoing opinion that the judgment should be reversed.