[Civ. No. 9711.   Third Dist.   Dec. 29, 1959.]

SONIA FERREIRA, a Minor, etc., et al., Appellants, v.
COUNTY OF GLENN et al., Respondents.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barce-
loux & Goldstein for Appellants.

Price & Morony, Grayson Price and Jean Morony for
Respondents.

VAN DYKE, P. J.—Appellant Sonia Ferreira, on Decem-
ber 15, 1957, received personal injuries when a truck in which
she was riding overturned. She brought an action against the
county of Glenn, alleging that her injuries had been caused by
the dangerous and defective condition of a county road. A
demurrer was sustained to her first amended complaint. She
declined to amend and judgment was thereafter entered dis-
missing her action. From that judgment she appeals.

It is alleged that she filed no claim against the county until
June 2, 1958. She attempts to excuse her late filing by alleg-
ing that at the time of the accident she was 15 years of age;
that she had no knowledge or notice of the statute requiring
her to file a claim within 90 days after the accident because of
her age and her "lack of mental and physical capacity" suffi-

cient to enable her to know and take cognizance of the statutory requirements; that she had suffered severe injuries, was immediately hospitalized, and underwent open reduction surgery for the reduction of fractures; that she suffered severe and disabling after-effects; that she was confined to the hospital until March 10, 1958, when she returned to her home where she continued to be totally disabled until April 1, 1958; that she had no actual knowledge of the dangerous condition of the county road prior to said April 1st, and that during that period she was "legally disabled" from entering into any contract for the employment of attorneys; that she employed counsel on April 1st, and on April 20th, and through said attorneys, she learned for the first time of the neglect and fault of the county; that on May 15th her mother was appointed her guardian *ad litem* and on June 2d her claim was filed. She alleged that she had proceeded in all matters with reasonable speed and diligence in view of her disabilities and she finally alleged that "by reason of the premises, plaintiff was both physically and legally disabled from filing a verified claim within 90 days of the date of the accident."

Fully aware of the appellate court decisions against their contentions that the foregoing allegations in the complaint excuse appellant's failure to file her claim in time, counsel urge a reexamination of those decisions. This task, responsive to their request, we have undertaken. We find that every argument made here has before been presented to appellate courts with the result it has become settled in the case law that appellant's failure to file the claim in time is fatal to her cause of action notwithstanding her minority.

It was held in *Artukovich* v. *Astendorf*, 21 Cal.2d 329 [131 P.2d 831], that the claim statute applied to a minor 16 years of age; that such application was not against the public policy of the state, but was consonant with the established legislative policy evidenced by the absence of exception in favor of minors in other claim statutes and by the failure to amend the statute following decisions holding it applicable to minors. Since the Artukovich decision there have been but two departures from the ruling there made, neither of them being applicable here. In *Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], it was held that under the facts of that case the county was estopped to plead the statute in bar of the action. The facts relied upon were fraudulent acts of the county's agent which prevented filing of the claim. In *Schulstad* v. *City & County of San Francisco*, 74 Cal.App.

2d 105 [168 P.2d 68], a similar ruling was made. It was held that during the time the injured party was wholly incapacitated mentally as the result of the negligence of the county, the time of such incapacity was to be disregarded. This latter ruling was based upon the ground that where the tortious act of the county created the mental condition which made it impossible for the plaintiff to comply with the statute the county would not be permitted to assert the defense of non-compliance, for to do so would be to permit the county to take advantage of its own wrong contrary to the maxim stated in section 3517 of the Civil Code. Said the court at page 109: "We limit our holding to a case, such as this, in which the plaintiff is rendered incapable of filing the claim in time by the tortious injury for which he seeks to recover. So limited our ruling does not conflict with *Artukovich* v. *Astendorf*. . . . " Neither case is helpful to appellant here. We are bound by the settled case law.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 24, 1960. Peters, J., was of the opinion that the petition should be granted.