[Civ. No. 307.   First Appellate District.—December 11, 1906.]

## JOHN WELSH et al., Appellants, v. A. J. KOCH et al., Respondents.

JUDGMENTS—CONCLUSIVENESS—UNASSAILABILITY FOR ERROR.—Where the times within which a direct attack upon a judgment by motions for a new trial or appeal, on the ground of error, have fully elapsed, without such proceedings having been taken, the judgment is conclusive, and not subject to attack either directly or collaterally on the ground of error.

ID.—INFANTS CONCLUDED.—A minor has no further time than an adult within which to take the necessary steps for the correction of errors in the proceedings or judgment; and after the lapse of time for the correction of errors all parties, including infants, are as absolutely bound by the judgment as if no errors had been committed.

ID.—CONCLUSIVENESS OF FACTS FOUND AND ADJUDGED.—The facts found and adjudged, after the lapse of the time in which to assail them for insufficiency of the evidence upon motion for new trial or upon appeal, are not subject to attack in any form, on the ground that the facts stated in the findings, and upon which the judgment is based, are not true.

ID.—APPOINTMENT OF GUARDIAN AD LITEM FOR MINOR DEFENDANTS—PRESUMPTION—CONCLUSIVENESS OF ORDER.—The appointment of a guardian *ad litem* for minor defendants in an action to quiet title, was based presumptively upon a sufficient showing that they were minors, and that they had been served with process, but if the showing in that regard was insufficient, the order of appointment did not go to the jurisdiction of the court, and it remained valid if not set aside by the court, or reversed on appeal, and cannot be attacked directly or collaterally in any other mode.

ID.—MISCONDUCT OF GUARDIAN—FAILURE TO PRESENT DEFENSE.—The alleged misconduct of the guardian *ad litem* as failing to present a defense to the action on behalf of the minors, there being no allegation of collusion between such guardian and the plaintiff, is in legal effect of no different quality and effect than that of neglect or misconduct of counsel for either party to the action, which is not ground for assailing the judgment, after the lapse of the time for motion for new trial and appeal from the judgment.

ID.—JURISDICTION OF MINOR DEFENDANTS—TIME OF APPOINTMENT OF GUARDIAN AD LITEM.—The jurisdiction of the court over minor defendants became complete upon the service of summons upon them;

and, without deciding whether the appointment of a guardian *ad litem* the day after the service of summons upon them was premature and erroneous, the attack upon the absolutely final judgment on that ground, whether it be direct or collateral, cannot be sustained.

ID.—JURISDICTION OF PERSONS—AFFIDAVITS OF SERVICE OUT OF STATE—TRIAL—CONCLUSIVE DETERMINATION.—The fact that affidavits of service of summons show service out of the state does not prove that the court had no jurisdiction of the persons of the defendants. The court by proceeding to trial determined either expressly or by necessary implication that it had acquired jurisdiction of the persons of the defendants by some accredited mode of service of summons, or by appearance of the defendants, and its determination of that question is as conclusive as upon any other issue.

ID.—PRESUMPTION—VERITY OF RECORD—BURDEN OF PROOF.—Whenever the jurisdiction of the persons of the defendants is attacked, it is presumed that the record of the judgment speaks the truth, if it does not show the contrary on its face, and the burden of proof of want of jurisdiction is upon the attacking party.

ID.—ATTACK IN EQUITY UPON JUDGMENTS—FRAUD—WANT OF JURISDICTION—EXTRINSIC SHOWING REQUIRED.—In an attack in equity by defendants upon judgments for fraud, or want of jurisdiction, a showing must be made in either case of facts extrinsic to the record. There must, in a case of fraud, be a showing of extrinsic fraud on the part of the plaintiff. If the action is based upon the want of jurisdiction of the persons of the defendants, the presumption that they were duly summoned must be overcome by an extrinsic showing of facts to the contrary.

ID.—INSUFFICIENT COMPLAINT.—*Held*, that the complaints of the plaintiffs assailing judgments do not state facts sufficient to warrant relief in equity, and upon their declining to amend, judgment properly passed against them.

APPEAL from a judgment of the Superior Court of Santa Clara County.    A. L. Rhodes, Judge.

The facts are stated in the opinion of the court and of the superior court adopted by this court.

O. D. Richardson, and Will M. Beggs, for Appellants.

F. J. Hambly, and J. B. Kerwin, for Respondents.

COOPER, J.—The complaint in this case attempts to allege a cause of action against a great number of defendants.

It contains allegations as to several separate causes of action, and covers transactions of many years' standing. It is a lengthy document, covering one hundred and sixty-two folios of transcript, and concludes with a prayer, asking: 1. That plaintiffs' are the owners in fee simple of the real estate described in the complaint and that defendants have no right or title thereto; 2. That the several judgments set forth in the complaint be declared void, and that each of defendants be barred and enjoined forever from asserting any claim under them; 3. That the plaintiffs' respective rights and interests in and to the real estate be ascertained and declared, and that they recover possession of the same; 4. That defendants and each of them be declared trustees of the real estate and compelled to convey it to plaintiffs; 5. That each defendant be required to set forth the portion of land held by him, and render an account of the rents, issues and profits thereof; 6. For costs of suit; 7. For such further relief as may seem meet and proper.

It thus attempts to state a cause of action in the one complaint to quiet plaintiff's title to all the property described in the complaint as against all the defendants; a cause of action to recover possession of all the real estate, and to determine the respective rights of the plaintiffs thereto; a cause of action against each defendant for an accounting; a cause of action against each defendant as a trustee of the real estate held by him; a cause of action to set aside and annul four different judgments rendered in four different actions.

The complaint was demurred to by the different defendants, the main grounds of demurrer being that the complaint does not state facts sufficient to constitute a cause of action, that it is ambiguous, uncertain and unintelligible for the reason that it cannot be ascertained therefrom whether it is an action for the recovery of real property, or an action to vacate and annul certain judgments, or an action to set aside conveyances of real estate, or an action for the recovery of damages for the wrongful detention of real estate, or an action to quiet title to real estate, or an action for an accounting for rents, issues and profits, or an action to establish a trust in real estate.

The different causes of action as attempted to be stated were also demurred to upon substantially the same grounds. The court sustained the demurrers, and allowed the plaintiffs

ten days to amend, and upon their declining to do so judgment was entered against them. This appeal is from the judgment.

We are of opinion that the judgment should be affirmed. The learned judge of the court below rendered a written opinion, which discusses the matter fully, and which we hereby adopt. It is as follows:

"The complaint combines several causes of action, to wit, four to annul four judgments affecting the real property claimed by plaintiffs, and one to quiet the title of plaintiffs to those premises. The judgments were against Peter and John Welsh, the infant sons of Garrett and Mary A. Welsh, one of them being in favor of Garrett, two in favor of Mary, and one in favor of a purchaser from Garrett. One of them covered all the premises, and the others covered only parcels of the premises.

"The allegation of the complaint to the effect that in 1880 Peter and John were, ever since have been, and *still are* the owners, etc., of the premises, is a palpable mistake, as Peter is alleged to have died before the commencement of the action; but as that allegation can readily be amended the mistake may be overlooked in passing upon the demurrer.

"For the purpose of deraigning the title of the plaintiff to the premises, the complaint alleges that in 1880 Garrett Welsh was the owner of the premises; that he conveyed the same to McGirr; that McGirr in the same month conveyed the same to Peter and John Welsh. The allegation of the death of Peter, and the descent of his title to two of the plaintiffs, together with the above conveyances, make out a *prima facie* title to the premises in the plaintiffs.

"But if the judgments above referred to are valid, they devested Peter and John of all the title, if any, that passed to them by virtue of the deed of conveyance executed to them by McGirr. The plaintiffs, therefore, assuming that the defendants will rely upon those judgments, proceed to attack them, and procure their annulment.

"'All those judgments were rendered in actions to quiet the respective plaintiffs' title to the premises or portions thereof; and Peter and John were the defendants in each case; and the title of the plaintiff in each case was by the judgment quieted.

"The first in point of time was in favor of Mary A. Welsh, No. 7303, rendered in November, 1885, for a portion of the premises. The second was in favor of Garrett Welsh, No. 7413, rendered in April, 1886, for all the premises. The third was in favor of Pfaukutchen, No. 8091, rendered in October, 1888, for a portion of the premises. And the fourth was in favor of Mary A. Scully (formerly Welsh), No. 9747, rendered in May, 1893, for two portions of the premises.

"There is no room for doubt, or even question, that under the rules of procedure in force in this state, a party to an action against whom errors have been committed in the proceedings and trial of the action may have such errors corrected on motion for a new trial or on appeal; and it is equally well settled that such errors cannot be corrected except in one of those modes of procedure; and if not thus reached and corrected they are beyond the reach of any attack, either direct or collateral.

"A minor has no further time than an adult within which to take the necessary steps for the correction of errors in the proceeding or the judgment; for the statute has not made infancy an exception.

"The times within which the direct attack upon the judgment, by motion for new trial or appeal or the like proceeding, may be made, having been prescribed by law, the judgment is not subject to attack after the lapse of that time, either directly or collaterally, on the ground of error. The statute not having made any saving or exception in that regard on the ground of the infancy of a party, or his failure to discover an alleged error, those facts will not extend the time within which the attack must be made. It necessarily results that when the times for the making of the attack in the modes above mentioned have expired, the parties to the action, and their privies, are as absolutely bound by the judgment as they would be had the alleged errors not occurred.

"The grounds upon which these plaintiffs attack the judgment of *Garrett Welsh* v. *Peter and John Welsh*, No. 7413, other than the grounds that the court did not acquire jurisdiction of Peter and John Welsh, are as follows: That it was not true that Garrett Welsh was the owner of the premises at the commencement of the action, as alleged in the complaint therein; that Peter and John were then in truth the owners of the premises; that the court appointed a guardian

*ad litem* for Peter and John Welsh when it did not appear that the summons had been served upon them within the state of California; that the guardian *ad litem* knew and could have proven that Peter and John were the owners of the premises, but neglected to offer evidence in proof of that fact; and stipulated that the facts in that case, No. 7413, were the same as those which had been found in the action of *Mary A. Welsh* v. *Peter and John Welsh,* No. 7303, when in truth the facts so found were not true, and were known to the guardian *ad litem* to be not true; that Peter and John had a good defense to action No. 7413, but by the misconduct of the guardian *ad litem* he did not make the defense in their behalf. Some other grounds are averred, but they need not be particularly mentioned.

"This complaint alleges that the court, in No. 7413, both found and adjudged that Garrett was, and Peter and John were not, the owners of the premises; and accordingly adjudged that the title of Garrett be quieted as against the claims of Peter and John. It is obvious, without argument, that those facts were material facts in the case; that the principal issues in the cause rested upon them; and that having been found in favor of Garrett they could not be questioned or disturbed except upon a motion for a new trial, or upon appeal, based upon a bill of exceptions or statement, or some appropriate mode in the action itself, whereby the sufficiency of the evidence to sustain the finding of those facts was directly questioned. Doubtless cases are finally determined in which the best interests of minor defendants would be subserved by giving them their day in court after attaining their majority, and this may be one of such cases; but our courts have repeatedly and uniformly held that such a term in a judgment or decree against minors is unnecessary. Minors and adults alike have the benefits of, and are bound by, final judgments to which they are parties.

"It follows that judgments, after the lapse of time for motion for new trial and appeal, are not subject to attack in any form on the ground that the facts stated in the findings, and upon which the judgment is based, are not true. Were not this principle true the judgment, instead of being a final determination of the matters in issue in a cause, would be the beginning of troubles.

"The appointment of the guardian *ad litem* was based, presumptively, upon the showing to the court that Peter and John were minors, and had been duly served with process; but if in truth the showing in that regard was not sufficient, then, beyond the possibility of doubt, the order could have been attacked in the court below, or on appeal in that case, and if found erroneous would have been reversed. The order remains valid until reversed, and if erroneous it cannot be reversed in any other mode, and therefore is not subject to attack, either direct or collateral. This does not involve the question of jurisdiction of the defendant in the cause.

"The alleged misconduct of the guardian *ad litem*, in failing to adduce evidence to sustain the title of the minors, which he knew existed and could have been produced on the trial, if it be available as a ground for the reversal of the judgment, could have been presented to the court below, or on appeal. The matter has no relation to the jurisdiction of the court, either of the subject matter of the action, or of the parties; nor has it any relation to the question as to the power of the court to render judgment in the action, quieting the title of Garrett Welsh to the premises; and the matter, therefore, is merely a matter of error, and as such could be taken advantage of only in the action itself by motion for a new trial, or on appeal.

"*It will be observed, also, that the complaint does not allege that Garrett Welsh colluded with the guardian ad litem, or caused or procured the alleged misconduct on his part.* The misconduct or neglect of a guardian *ad litem* is no different in legal quality and effect from like misconduct of counsel of either party to the action. Had the action been brought by Peter and John against Garrett to quiet their title against him, and had the misconduct or neglect of their attorneys resulted in a judgment for Garrett, we 'do not think that it would be claimed that after the time for a motion for a new trial, and for an appeal, had expired, they could procure a judgment which would, in effect, amount to a reversal of the prior judgment. A successful attack upon a judgment upon such grounds as above has all the effects of a reversal, without granting a new trial of the action. Can it be successfully asserted that Garrett Welsh and his privies ought to lose the benefit of his judgment because the person represent-

ing Peter and John more than fifteen years ago failed to make the defense to the action that he might have made? If that kind of attack upon the judgment can now be made, why may not Garrett George, the minor plaintiff in this action, at the expiration of fifteen years from the entry of the judgment herein, attack it on the like ground, that his guardian *ad litem* had neglected, or perhaps badly managed, his case?' At the utmost, such matter is a mere error or irregularity, to be corrected *in the action,* on motion for new trial, or on appeal. Had the guardian *ad litem* presented to the court in that case all the evidence in existence to prove the title of Peter and John, and had the court found contrary to the evidence that they did not hold the title, it would not be contended that the judgment, based upon that erroneous finding, could be attacked for that error more than fifteen years after the judgment became final.

"It is alleged that in *Mary A. Welsh* v. *Peter and John Welsh,* No. 7303, the guardian *ad litem,* having been appointed on the day succeeding the service of the summons upon them, was void, and that therefore the court did not acquire jurisdiction of them. The appointment may have been premature, and, therefore, irregular and erroneous—and upon that point we express no opinion—but the jurisdiction of the court over them became complete upon the service of the summons upon them, and could not have been devested except by some proceeding that dismissed them from the action. The attack upon that ground, whether it be considered as direct or as collateral, cannot be sustained.

"The complaint alleges that the judgment in *Mary A. Scully* v. *Peter and John Welsh* is void; and the attack seems to be based solely upon the ground of misconduct on the part of the guardian *ad litem* of Peter and John. But we have above held that an attack upon the judgment on that ground, at this time, and in the manner attempted by this complaint, cannot be sustained.

"The judgments in the cases of *Garrett Welsh* v. *Peter and John Welsh,* No. 7413, and in *Pfaukutchen* v. *Peter and John Welsh,* No. 8091, are attacked on the ground of the want of evidence of the service of the summons upon the defendants.

"In respect to action No. 7413, the complaint recites the affidavit of the service of the summons, and the affidavit does not state that Peter or John were served within this state.

The complaint alleged: 'That it nowhere appears in the said cause by any sort of evidence' that Peter and John were served in this state.

"In respect to action No. 8091, the complaint recites the affidavit of service of the summons, and that does not state that Peter and John were served within the state; and the complaint contains also an allegation similar to the one above mentioned.

"When an action is brought in a court of record the first inquiry made by the court is whether it has jurisdiction of the subject matter of the action; and this question is decided either expressly or by necessary implication, the decision being in favor of its jurisdiction if the court proceeds with the trial of the action. The next question for decision is whether the court has acquired jurisdiction of the defendant; and in that regard the decision is made or stated expressly as is sometimes but not always done, or it is based upon necessary implication; for the court will not proceed to the trial of the action unless its conclusion is that it has acquired jurisdiction of the defendant, in some of the accredited modes, such as the service of the summons upon the defendant, or his appearance in the action. The determination by the court of that question is as conclusive as of any other issue or question in the action. Hence comes the presumption, whenever the judgment of a court of record is attacked, either collaterally or, as in this case, that the judgment speaks the truth; and if it be against the defendant, that the court had acquired jurisdiction of him unless that record—the judgment-roll—shows to the contrary upon its face. Another principle to be noted in this connection is that in the attack, whether it be direct or collateral, the burden of proof is upon the attacking party. Reference is not here made to a motion for a new trial or an appeal; and we have left out of view in this discussion judgments showing upon their face that the court did not acquire jurisdiction of the defendants.

"It requires no citation of principles or authorities to prove that in a proper case the defendant may, by suit in equity, attack directly the judgment on the ground of fraud, or of the want of jurisdiction of the defendant. When the action is based upon fraud, the fraud must be extrinsic to the record of the action, and must be the fraud of the *plaintiff*. The frauds, laches or blunders of the defendant or his attor-

neys will not afford the defendant any basis of relief. When the attack is based upon the alleged want of jurisdiction of the judgment defendant, the facts upon which the attack is made must be extrinsic to the record; the obvious and controlling reasons being the presumption that the court decided that it had jurisdiction of the defendant, and the verity accorded to the record. We are not speaking of records that show upon their face that the court did not have jurisdiction of the defendant.

"The complaint alleges that in the action of *Garrett Welsh* v. *Peter and John Welsh,* No. 7413, the only evidence in the record of the service of the summons upon the defendants was an affidavit of service that fails to show that the service was made within this state. It is neither alleged that they were not served, nor that they were not served within this state. The presumption, in the absence from the record of anything in the nature of return of the summons, is that the defendants were duly summoned. In view of the presumptions above mentioned, that attend such a judgment, those allegations of the complaint cannot be dignified with the name of an attack upon the judgment. These remarks apply also to the attempted attack upon the Pfaukutchen judgment, No. 8091.

"Brief reference may be made to some authorities in this state upon the matters just considered. In *Drake* v. *Duvenick,* 45 Cal. 461, the attack upon the judgment in question was collateral, but the ruling of the court is applicable here. The affidavit of service of the summons was, as here, defective. It did not show that a copy of the summons was delivered to the judgment defendant. The court, in overruling the objection to the judgment on that ground, stated that as the court must have found from the return *or other evidence* that a copy of the summons was delivered to him, the presumption we have mentioned 'will come to the aid of the judgment; and that if the court (in rendering the judgment) erred in its conclusion in that respect, the error should have been taken advantage of by motion or by an appeal.'

"*Eichoff* v. *Eichoff,* 107 Cal. 42, [48 Am. St. Rep. 110, 40 Pac. 24], was an action in equity to set aside a judgment of divorce; the complaint alleging that the defendant had neither been served with the summons nor had appeared in the action, and that the judgment had been procured by the

fraudulent practices of the plaintiff.  Mr. Justice Temple in discussing the cause, with his usual clear, logical power, held that in such a case the attack, though not collateral, was always *indirect;* that the question to be determined was whether the judgment was procured by fraud or mistake; that the burden of proof of want of service of the summons was upon the plaintiff in the action in equity, although there was not in the record a return or proof of service; and that the plain-. tiff was not entitled to a recovery in the action in equity.

"In this case there is no averment of the want of service; and the affidavit of service does show service upon the defendants in the actions in question, but does not state that they were served within the state.  That case is much stronger for the plaintiff than this.

"The demurrer of Hemerlin, Skoden and wife, Turel and Madronio, for whom Mr. Yoell appears, is sustained.  Leave to plaintiff to file amended complaint within ten days.

"RHODES, J."

The judgment is affirmed.

Harrison, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 4, 1907.