[Civ. No. 10666. Second Appellate District, Division One.—June 10, 1936.]

SAMUEL L. CARPENTER, Jr., as Insurance Commissioner, etc., Petitioner and Respondent, v. EUREKA CASUALTY COMPANY (a Corporation), Defendant and Respondent; DAVID THOMAS PRICE, a Minor, etc., Appellant.

J. Marion Wright for Appellant.

Frank L. Guercna, Eugene P. Fay and W. P. Wood for Petitioner and Respondent.

ROTH, J., *pro tem.*—On August 23, 1932, David Thomas Price, a minor, by Thomas C. Price, his guardian *ad litem*, recovered a judgment for damages based on negligence, against Perry A. McDonald and Mrs. Everett Mulconery, from which an appeal was taken and a stay bond posted on behalf of said defendants. Defendant McDonald was, at the time of the accident out of which the foregoing judgment arose, covered by a policy of public liability insurance issued by Eureka Casualty Company (hereinafter called "casualty company"). The bonding company which posted the bond on appeal subsequently became insolvent and the bond on appeal became insufficient. The judgment against defendants McDonald and Mulconery thereafter became final, and on October 20, 1934, an execution having been issued thereon, was returned wholly unsatisfied. In the meantime, the casualty company, on May 13, 1932, had been placed in the hands of the Insurance Commissioner of the State of California, as liquidator, who is respondent herein, and said casualty company was restrained from doing any further

business. The liquidator caused a notice to creditors to be published, as prescribed by law, on the 16th, 23d and 30th days of May, 1932, and on the 6th day of June, 1932, which notice provided that the time within which claims could be filed against the respondent corporation would expire on August 21, 1933. No other notice of any kind was given to creditors, and appellant received no notice and had no knowledge of the liquidation of the casualty company until shortly before December 12, 1934, on which date he filed his verified claim in the sum of $2,104.22 with the liquidator. This claim was subsequently rejected on December 14, 1934, by the liquidator, on behalf of the respondent casualty company, upon the sole ground that it was not filed within the time provided by law. Appellant thereafter, by his guardian *ad litem,* on January 23, 1935, filed a verified petition in the superior court as an intervener in the liquidation proceedings then pending, setting up the above facts, including the fact of the minority of appellant, which had continued down to the time of the filing of the petition, and the fact that appellant had no actual knowledge or notice of the insolvency and liquidation proceedings involving the casualty company until shortly before the time of filing his verified claim with the liquidator, and asking that said liquidator be required to show cause why his claim should not be allowed and approved and paid out of the assets of the insolvent corporation. Upon the hearing of this petition the superior court made its order refusing appellant the relief prayed for, on the sole ground that petitioner's claim was barred by operation of law because it was not filed within the time allowed by statute and because no objection was made to the rejection of petitioner's claim before January 13, 1934.

The law applicable is found in the Statutes of 1919, page 265, as amended by Statutes of 1933, page 1420 (Deering's Gen. Laws, Act No. 3739, as amended), hereinafter referred to as the "Liquidation Act", the pertinent portions of which are as follows: "Sec. 8a (1) Upon the making of an order to liquidate the business of such corporation, the Insurance Commissioner shall cause to be published notice to its policyholders, creditors, stockholders, and all other persons interested in its assets, to file claims, with proper proofs thereof, against such corporation within six months after the date of first publication. Such notice must be published not less than once a week for four successive weeks. A copy of the

notice, accompanied by an affidavit of due publication, and date of first publication, shall be filed with the clerk of said court within thirty days after the first publication. . . . (3) Unless such claim is filed in the manner and within the time herein provided it shall not be entitled to filing or allowance, and no action may be maintained thereon. . . . 8c. When a claim is rejected by the liquidator written notice of rejection shall be given by registered mail, addressed to the claimant at the address furnished on his claim, and within thirty days after the mailing of said notice the claimant may present his claim, by way of an order to show cause, to the court in which the liquidation proceeding is pending.''

There is no contention that the liquidator of the casualty company did not give notice to creditors as required by the Liquidation Act, and it is admitted that appellant's claim was filed one year and approximately four months after the time, provided in the said notice for the filing of claims, had expired.

It is likewise conceded that notice of rejection of appellant's attempt to file his claim was given pursuant to the terms of the Liquidation Act; that said notice was received by appellant in due course and that appellant filed his petition for an order to show cause pursuant to section 8c of the Liquidation Act ten days beyond the time within which the said act permits the filing of such petition.

It is established that when the legislature has, by statute, prescribed the mode and manner in which a right may be exercised, the courts are without authority to make a change. (*Town of Mill Valley* v. *Massachusetts Bonding etc. Co.*, 68 Cal. App. 372, 378 [229 Pac. 891]; *J. B. Orcutt Co.* v. *Green*, 204 U. S. 96 [27 Sup. Ct. 195, 51 L. Ed. 390]; *In re Harris Bros.*, 5 Fed. Supp. 191; *People* v. *Osgood*, 104 Cal. App. 133, 137 [285 Pac. 753]; *United States Gypsum Co.* v. *Hart,* (Cal. App.) 54 Pac. (2d) 517; *Mello* v. *County of Tulare*, 99 Cal. App. 268 [278 Pac. 465]; *Thompson* v. *County of Los Angeles*, 140 Cal. App. 73 [35 Pac. (2d) 185].)

Conceding that because of the peculiar facts of this case there may be a real question as to whether appellant filed his claim with the liquidator late because of the uncertainty as to when the claim against the casualty company actually

accrued, there can be no doubt that appellant was ten days late in presenting his claim "by way of order to show cause, to the court in which the liquidation proceeding is pending", after he had personal notice of the rejection thereof by the liquidator. The requirement of the statute in this respect was not complied with and it is mandatory and absolute (authorities, *supra*).

The only remaining question is, whether appellant's minority created an exception to the statute. Since the statute itself does not create such an exception, it is settled by authority that there would be none. (*Welsh* v. *Koch,* 4 Cal. App. 571 [88 Pac. 604]; *Phillips* v. *County of Los Angeles,* 140 Cal. App. 78, 79 [35 Pac. (2d) 187].)

In *Welsh* v. *Koch, supra,* at page 575, the court says: "A minor has no further time than an adult . . . for the correction of errors in the proceeding or the judgment; for the statute has not made infancy an exception."

The order is affirmed.

Houser, P. J., and York, J., concurred.