234 Cal.App.3d 1549 (1991)
286 Cal. Rptr. 262
In re GLACIER GENERAL INSURANCE COMPANY in Liquidation.
PARADISE INVESTMENTS, INC., et al., Movants and Appellants,
v.
JOHN GARAMENDI, as Insurance Commissioner, etc., Objector and Respondent.
Docket No. G009838.
Court of Appeals of California, Fourth District, Division Three.
October 8, 1991.
*1551 COUNSEL
E. Paul Tonkovich and Mary Aileen Matheis for Movants and Appellants.
Daniel E. Lungren, Attorney General, and Edmond B. Mamer, Deputy Attorney General, for Objector and Respondent.
OPINION
WALLIN, J.
Paradise Investments, Inc., International Central Bank and Trust Corporation (trustee for the benefit of James A. Rowland), Wanda King, Floyd A. Hollingshead and Norma R. Hollingshead (collectively, the secured creditors) appeal the denial of their motion for relief from the blanket stay order issued in the liquidation proceedings of Glacier General Insurance Company (Glacier), contending the trial court abused its discretion. We reverse.
In 1985, the trial court ordered the Insurance Commissioner of the State of California (the Commissioner) to liquidate Glacier. It also "enjoined" all persons "from instituting or prosecuting any action [or] proceedings," or making "any levy" against Glacier. The dispute we consider here arose in 1990, when the secured creditors filed a motion seeking permission to *1552 foreclose on a first trust deed on property owned by Glacier (the Rockridge property).[1]
In support of the motion, one of their attorneys submitted a declaration averring the secured creditors were the beneficiaries of the first trust deed in the face amount of $125,000, the appraised value of the property was $320,000 to $330,000, delinquent taxes of $35,000 were owed, and after payment of these taxes and costs of selling the property, the secured creditors would only realize approximately 80 percent of the principal, interest, and attorneys' fees owing.[2] In opposition to the motion, the Attorney General complained there was no evidence that any of the secured creditors had paid consideration for their interests in the note and deed of trust.[3]
In reply to the opposition, the secured creditors submitted declarations by one of their attorneys and Daniel Bailey, former principal of Sierra and Paradise who was then in federal prison for fraud, averring that the secured creditors paid fair value for their interests in the note, and provided some documentation on the payments. The court denied the motion without prejudice, finding the Bailey declaration was conclusory, the additional proof was not persuasive, and the moving parties therefore failed to carry their "burden to establish consideration."
The secured creditors brought a motion for reconsideration. It was accompanied by a second Bailey declaration setting forth the exact amounts paid by each of the secured creditors and explaining that the total amount paid ($103,412) was less than the face value of the note because the deed of trust was in second position at the time the interests were sold. There was also a declaration, by an officer of International Central Bank, averring payment was made for the interest purchased for the benefit of James Rowland.
*1553 The secured creditors represented they would seek satisfaction on the note through sale of the Rockridge property and waive any deficiency. They argued it was the Commissioner's burden to show lack of consideration for their interests. The court denied the motion for reconsideration without response from the Commissioner.

I
(1a) Preliminarily, the Attorney General claims the orders denying the motion are not appealable. Code of Civil Procedure section 904.1 sets forth appealable judgments and orders of the superior court and includes "an order ... refusing ... to dissolve an injunction." (Code Civ. Proc., § 904.1, subd. (f).)
The Attorney General claims this was not an order refusing to dissolve an injunction; it was an order refusing to modify a restraining order. But Code of Civil Procedure section 904.1, subdivision (f) allows an appeal where the procedural device "in substance is a motion to dissolve or modify" an injunction. (Welsch v. Goswick (1982) 130 Cal. App.3d 398, 404 [181 Cal. Rptr. 703]; see also Courtesy Temporary Service, Inc. v. Camacho (1990) 222 Cal. App.3d 1278, 1286 [272 Cal. Rptr. 352] [order partially refusing a temporary restraining order or preliminary injunction is appealable].)
The trial court's order "enjoined" actions, proceedings, or levies against Glacier. The section which authorized that order speaks of "injunctions or orders" to prevent certain occurrences against the insolvent company. (Ins. Code, § 1020.) (2) (See fn. 4.), (1b) For all intents and purposes, the appeal is from an order denying the dissolution of an injunction.[4]
The crux of the Attorney General's argument is that the Glacier liquidation action, which arose pursuant to Insurance Code section 1010 et seq., was a special proceeding not subject to the provisions of Code of Civil Procedure section 904.1. He relies on Carpenter v. Peoples Mut. Life Ins. Co. (1937) 10 Cal.2d 307 [74 P.2d 761] and Abraugh v. Gillespie (1988) 203 Cal. App.3d 462 [250 Cal. Rptr. 21], which held that procedures not relevant here were inapplicable in insurance company insolvency and liquidation proceedings. They are inapposite.[5]
The Insurance Code does not prohibit appeals from judgments or orders made under the insolvency and liquidation statutes. In their absence, the *1554 general appeal provisions of the Code of Civil Procedure apply. (Knoll v. Davidson (1974) 12 Cal.3d 335, 343 [525 P.2d 1273].) Those statutes are expressly made applicable to any "civil action or proceeding." (Code Civ. Proc., § 904, italics added.) The orders denying modification of the injunctive orders are appealable.[6]

II
(3a) The secured creditors contend the trial court abused its discretion by denying their motions for relief from the injunctive order. We agree.
(4) In making their argument the secured creditors ignore the threshold issue of whether an injunctive order issued in liquidation proceedings stays institution of a nonjudicial sale pursuant to a deed of trust. Insurance Code section 1020, upon which the order here was based, refers to injunctions against `[t]he institution or prosecution of any actions or proceedings" and "[t]he making of any levy...." (Ibid.) The term "levy" is not traditionally used in conjunction with a nonjudicial sale. (Compare Code Civ. Proc., § 700.015 [dealing with levies upon real estate subject to judicial process].) And a nonjudicial sale under a deed of trust is not considered an action or proceeding for due process purposes. (MCA, Inc. v. Universal Diversified Enterprises Corp. (1972) 27 Cal. App.3d 170, 174-175 [103 Cal. Rptr. 522].)
However, the plain purpose of the section is to maintain the status quo and provide for orderly disposition of the insolvent company's property, as in bankruptcy proceedings. (See Webster v. Superior Court, supra, 46 Cal.3d at pp. 348-351.) The bankruptcy courts have used a broad definition of "proceedings," including those which are plainly nonjudicial, in the bankruptcy statutes pertinent to stays. (See, e.g., Matter of Amer. Cent. Airlines, Inc. (1985) 52 B.R. 567 [private termination of debtor's airport access was a "proceeding"]; In re Babco, Inc. (1983) 28 B.R. 656 [attempted sale by trustee after acceleration of due-on-sale clause was violation of stay].)
Similarly, a broad construction of "proceeding" in Insurance Code section 1020 is necessary to effectuate the goal of the insurance company insolvency *1555 statutes. The term covers a nonjudicial sale pursuant to a deed of trust. We must consider the extent of the stay against such a sale.
(5) Webster v. Superior Court, supra, 46 Cal.3d 338 established that Insurance Code section 1020 does not mandate a permanent stay of all action against an insolvent insurer. Relief from the injunctive order is within the discretion of the trial court. (Webster v. Superior Court, supra, 46 Cal.3d at p. 350.) In Webster the moving party sought relief to pursue a personal injury action against an entity which insured the insolvent insurer. Since he agreed to limit his recovery to sums received from that entity, he argued the creditors of the insolvent company would not be prejudiced. Under these circumstances, the Supreme Court held the trial court's refusal to grant relief from the injunction was an abuse of discretion. (Id. at pp. 350-354.)
(3b) Here, the secured creditors established by unrebutted declarations that the value of the Rockridge property was less than the amount of the encumbrance. They agreed not to seek collection of any deficiency from the estate of Glacier. Under Webster v. Superior Court, supra, 46 Cal.3d 338, it was an abuse of discretion to deny the requested relief unless there existed some valid reason to do so.
The Commissioner raised two objections, each by way of argument, unsupported by any proof.[7] She questioned whether the secured creditors had paid consideration for their interests, and said the issue of attorneys' fees claimed under the deed of trust should be determined by the court. The trial court found the secured creditors had not met their "burden to establish consideration for the ... deed...."
The court erred in its premise. The burden of proof was not upon the secured creditors. Civil Code section 1614 states, "A written instrument is presumptive evidence of a consideration." Civil Code section 1615 provides, "The burden of showing want of consideration sufficient to support an instrument lies with the party seeking to ... avoid it."[8] The presumption is one affecting the burden of producing evidence. (Rancho Santa Fe Pharmacy, Inc. v. Seyfert (1990) 219 Cal. App.3d 875, 884 [268 Cal. Rptr. 505].)
*1556 By declarations under penalty of perjury, the secured creditors presented evidence of the note and deed of trust and that they had purchased fractional interests in the note for value. The Commissioner presented no evidence to rebut this assertion, only argument. Because the burden of producing evidence was on the Commissioner, the trial court abused its discretion in ruling against the secured creditors.
"The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence. ..." (Evid. Code, § 604, italics added.) "`[T]he trier of fact must find that the presumed fact exists....'" (Security Pac. Nat. Bank v. Associated Motor Sales (1980) 106 Cal. App.3d 171, 179 [165 Cal. Rptr. 38], italics deleted.) The evidence created an unrebutted presumption of consideration. It also established that the requested relief from the injunctive orders would not prejudice Glacier's other creditors. The trial court abused its discretion by denying the secured creditors' motion.
The order denying the motion is reversed. (See Bank of America v. Superior Court (1990) 220 Cal. App.3d 613, 623 [269 Cal. Rptr. 596].) Appellants are entitled to their costs of appeal.[9]
Sills, P.J., and Sonenshine, J., concurred.
NOTES
[1] The deed of trust was originally in the second position. However, Glacier paid off the note secured by the first deed of trust, and unsuccessfully attempted to extinguish any lien of the secured creditors by obtaining declaratory relief granting it an equitable lien against the property superior to the secured creditor's deed of trust. The history of those proceedings is contained in a previous opinion. (Glacier General Assurance Company v. Glendale Federal Savings & Loan Association et al. (Mar. 31, 1989) G004820 [nonpub. opn.].)

The original property owners, Sierra Realty & Investment, Inc. (Sierra), executed a note and a deed of trust in favor of Paradise Investments, Inc. (Paradise). Paradise allegedly sold fractional interests in the note to the secured creditors. The interests were: Floyd and Norma Hollingshead, 35.06 percent; International Central Bank for the benefit of James A. Rowland, 24.35 percent; and Wanda King, 19.48 percent. Paradise retained a 21.11 percent interest.
[2] Because of the prior litigation, those fees totaled almost $98,000.
[3] In a later declaration, the Attorney General indicated he would leave to the court any decision on the issue of attorneys' fees to which the secured creditors were entitled.
[4] The Attorney General hints there is some significance to the fact the secured creditors' various motions were denied without prejudice. But a court always has the inherent power to modify an injunction. (Greenly v. Cooper (1978) 77 Cal. App.3d 382, 389-390 [143 Cal. Rptr. 514].) In that sense, every order denying such a motion is without prejudice.
[5] Carpenter held the provisions of Code of Civil Procedure section 632 concerning formal findings inapplicable in such proceedings. (Carpenter v. Peoples Mut. Life Ins. Co., supra, 10 Cal.2d at pp. 327-328.) Abraugh concluded Code of Civil Procedure section 473 did not apply to the claims procedures. (Abraugh v. Gillespie, supra, 203 Cal. App.3d at p. 468.)
[6] Webster v. Superior Court (1988) 46 Cal.3d 338 [250 Cal. Rptr. 268, 758 P.2d 596] involved the denial of a motion virtually identical to the one brought here. The moving party sought and obtained review in the Court of Appeal by extraordinary writ. However, the Supreme Court did not consider the appealability issue.
[7] In a prior motion for the same relief, the Commissioner claimed the note was usurious and there was no legal basis for attorneys' fees. The secured creditors rebutted these contentions and they were not raised in the motion under consideration here.
[8] The Attorney General claims the Commissioner is not trying to "avoid" the note and deed of trust; rather, the Commissioner merely wants proof of consideration to its satisfaction and that of the trial court "before agreeing to allow [the secured creditors] to foreclose...." This sophistry is analogous to a debtor claiming no intent to avoid a debt while forcing the creditor to obtain a judgment to collect upon it.
[9] Our resolution of this issue makes it unnecessary to consider the secured creditors' other arguments. For this reason, we deny the secured creditors' motion for this court to take evidence on appeal. (See Monsan Homes, Inc. v. Pogrebneak (1989) 210 Cal. App.3d 826, 830 [258 Cal. Rptr. 676].)